J. Paul SCOTT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15672.

United States Court of Appeals Sixth Circuit.

June 26, 1964.

Certiorari Denied Oct. 12, 1964. See 85 S.Ct. 81.

Robert F. Stephens, Lexington, Ky., for petitioner.

Argued by Moss Noble, Lexington, Ky., George I. Cline, U. S. Atty., Lexington, Ky., on the brief, for respondent.

Before MILLER and EDWARDS, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

The appellant, J. Paul Scott, instituted this proceeding in the District Court under Section 2255, Title 28 United States Code, on February 27, 1963, to vacate the judgments entered under two counts of an indictment charging him and others with conspiracy to unlawfully enter the Farmers and Traders Bank at Campton, Kentucky, the deposits of which were insured by the Federal Deposit Insurance Corporation, with intent to commit larceny therein, and also with the substantive offense. The judgments were entered on January 31, 1957, following pleas of guilty. Appellant was represented by counsel selected and employed by his father. The alleged ground for the motion to vacate is that in pleading guilty he did not have the effective assistance of counsel, guaranteed by the Sixth Amendment to the Constitution of the United States.

On July 11, 1960, about three and one-half years after the imposition of sentence, appellant, while serving his sentences at Alcatraz, moved to withdraw his pleas of guilty pursuant to Rule 32

(d), Rules of Criminal Procedure, and Section 2255, Title 28 United States Code, on the ground that at the arraignment he was without effective assistance of counsel and he was under the influence of drugs, which rendered him incapable of understanding the consequences of his act, and that his pleas were obtained by fraud, trickery and deceit.

The transcript of the proceedings on arraignment showed that the appellant was personally questioned by the District Judge and stated to the Court that his counsel had carefully explained to him the charges, and that he was pleading guilty of his own free and voluntary accord after he understood the charges. The District Judge ruled that the files and records of the Court showed that the appellant was not entitled to relief and denied the motion without a hearing. The judgment was affirmed by this Court at 292 F.2d 49. Certiorari was denied by the Supreme Court at 368 U.S. 879, 82 S.Ct. 128, 7 L.Ed.2d 79.

On September 22, 1961, appellant filed in the District Court his motion for Arrest of Judgment and Vacation of Sentence under Rule 34, Rules of Criminal Procedure, wherein he alleged that the indictment was insufficient to constitute an offense under the statute. The Court ruled that the motion was not seasonably filed, but treated it as a proceeding to vacate sentence under Section 2255, Title 28 United States Code. The motion was denied, which ruling was affirmed by this Court at 304 F.2d 706.

The District Judge held a hearing in the present proceeding with court-appointed counsel representing the appellant. The attorney who represented the appellant at the arraignment testified. Appellant strongly relies upon certain statements made by him, which he contends showed that he did not render the type and quality of legal service which an attorney owes to a client. However, in this collateral attack on the judgments, the test is not a consideration of the errors which may have been made by counsel in his representation of a defendant. The Supreme Court in applying the test has never undertaken the duty of appraising the quality of the defense attorney. Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail. The fact that a different or better result may have been obtained by a different lawyer does not mean that the defendant has not had the effective assistance of ·counsel. Mitchell v. United States, 104 U.S.App. D.C. 57, 259 F.2d 787, 789–791, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed. 2d 86; O'Malley v. United States, 285 F.2d 733, C.A. 6th; Anderson v. Bannan, 250 F.2d 654, C.A. 6th.

The District Judge in his overall evaluation of the situation found as the facts that appellant's chosen attorney representing him on the charges now under consideration was a competent lawyer of high standing at the Bar of Kentucky, was qualified to represent appellant as his attorney and afforded appellant conscientious assistance as his attorney, and that the appellant understood the charges against him and entered his plea of guilty thereto of his own free will and accord. We accept these findings of the District Judge as being supported by the evidence.

The present proceeding is the third proceeding under Section 2255, Title 28 United States Code, reviewed by this Court, in one of which one of the grounds of relief was the alleged failure to have the effective assistance of counsel, the same ground relied upon in this procéeding. Section 2255, Title 28 United States Code, provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

For that reason, also, the District Judge would have been justified in dismissing the petition. United States v. Orlando, 327 F.2d 185, 188, C.A. 6th; Dunn v. United States, 234 F.2d 219, 221, C.A.

6th, cert. denied, 352 U.S. 899, 77 S.Ct. 140, 1 L.Ed.2d 90; Howard v. United States, 199 F.2d 276, 278, C.A. 8th.

The judgment of the District Court dismissing the petition is affirmed.