Nathaniel **JOHNSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18095.

United States Court of Appeals
Eighth Circuit.

June 9, 1966.

Before JOHNSEN and BLACKMUN, Circuit Judges, and YOUNG, District Judge.

GORDON E. YOUNG, District Judge.

This is an appeal from Nathaniel Johnson's conviction under an information charging him with violating 18 U.S.C. § 659. More specifically, the information charged that Johnson (hereinafter referred to as appellant) did take and carry away certain goods valued at over one hundred dollars, with intent to convert these goods to his own use, and that these goods constituted part of an interstate shipment of freight from Roanoke, Virginia to St. Louis, Missouri.

The testimony in the court below revealed the following facts. On October 20, 1964 a truck carrying a shipment of women's dresses was being unloaded at the Underwood Cartage Company in St. Louis, Missouri. Dan Simmons was among those employed by Underwood to do this job, and on one of his trips from the trailer during the process of unloading, he saw a man carrying away one of the cartons he had just placed on the dock. Simmons yelled at the man to find out what he was doing. Upon hearing the yell the man began to run, carrying the carton away. Simmons picked up a piece of iron pipe about four feet long and followed him. The chase proceeded down the loading dock, which was approximately one hundred feet long, and as the two left the dock Simmons noticed another man at a car in the parking lot some fifty feet away. This second man was loading another carton into the trunk of the car. When he saw the two men running, he turned and ran. Simmons, now giving chase to the two men, noticed a third man at the steering wheel of the car trying to start it. After running about thirty feet past the car, Simmons decided he could not catch the two men so he returned to the car to try to stop the third man from driving away. He took the iron pipe he was carrying and broke out the windshield and the left front window and wing glass. At this time the other two men came back armed with a knife and a rock, and a fight began. Then the car finally started, and as it did the two men who were fighting Simmons turned and ran in the direction in which

the car left. Simmons noted the license number of the car as it drove away from the parking lot and gave it to the police when they later investigated the theft.

A few days later the Federal Bureau of Investigation and the St. Louis police located a car with this license number in an auto body shop with a newly installed windshield. Agents of the F.B.I. went to the shop, took some pictures of the car, and brought Simmons in to identify it. After Simmons had verified that this was the car which he had damaged, the F.B.I. agents told the owner of the shop that the car was stolen and to notify them if anyone came in to claim it. Three or four days later the car was claimed by a Miss Myles who, as owner of the car, had been notified by the F.B.I. of the car's location. It was later discovered that Miss Myles had a friend, who is the appellant in this case. He had been helping her pay for the car, and he drove it occasionally both with and without her permission. She often left the key to the car under the floor mat while she was at work so that he might drive it. In fact, this is what she had done on the morning of October 20, 1964, the day of the theft.

Subsequently appellant was arrested and charged with the theft. Simmons was brought to the police station, where he identified appellant as the man who was driving the car involved in the theft. The record shows that appellant waived his right to have a grand jury consider the charge and consented to be tried under an information. He pleaded not guilty at his arraignment and was brought to trial July 26, 1965.

The trial was a short one at which five witnesses testified for the prosecution— and appellant, after a motion for acquittal, rested without putting on any evidence. Appellant's motion for acquittal was denied and the jury returned a verdict of guilty. In accordance with that verdict the court sentenced appellant to five years in the custody of the Attorney General. In due time appellant filed his appeal "in forma pauperis" in this court.

Appellant sets out five points upon which he bases his appeal.

1. The admissible evidence was insufficient to prove beyond a reasonable doubt that defendant was guilty of the offense charged.

2. The exhibits offered by the Government and introduced into evidence for consideration by the jury had been prejudicially altered physically after the commission of the offense and should not have been admitted into evidence in that condition. They were inadmissible.

3. Under the "Plain Error" rule, the verdict should be set aside and a new trial granted to the defendant, with directions to the Government to desist from offering the altered exhibits in their present condition.

4. The defendant was deprived of a fair and impartial trial in violation of his rights under the Fifth Amendment to the Constitution of the United States of America.

5. The defendant was deprived of his right of effective assistance of counsel as required under the provisions of the Sixth Amendment to the Constitution of the United States of America.

Although within the format of his brief and argument appellant treats each of these as separate and distinct points of appeal, actually they all are dependent upon the admissibility of certain evidence which appellant questions for the first time at the appellate level. The first, fourth and fifth points are derivative points that arise only if the questioned evidence is held inadmissible. For, example, the question of the sufficiency of the evidence is raised only in connection with the remaining evidence if the challenged testimony and exhibits are held inadmissible. Therefore, the court shall first address itself to the question of the alleged erroneously admitted evidence.

It should be noted at the outset that no objection was raised in the court below to the evidence which is questioned

here. Normally this court would not consider such matters. Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962). However, Rule 52(b) Title 18 U.S.C.A. does make provision for this court to consider matters not brought to the attention of the court below if such matters are considered "[p]lain errors or defects affecting substantial rights" of either party. This court has been very cautious in applying this rule and uses it only when necessary to avoid a miscarriage of justice. The court's position was most clearly set out by Judge Van Oosterhout in Gendron v. United States, 295 F.2d 897, 902 (1961), when he said:

> "The application of Rule 52(b) rests within the sound judicial discretion of the appellate court. The normal rule is that an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass. The plain error rule should be applied with caution and should be invoked only to avoid a clear miscarriage of justice. To exercise the right freely would undermine and impair the administration of justice and detract from the advantages derived from orderly rules of procedure. See Johnson v. United States, supra; [291 F.2d 150, 156 (8th Cir. 1961)] Billeci v. United States, supra; [290 F.2d 628, 629 (9th Cir. 1961)] Page v. United States, supra; [282 F.2d 807, 809 (8th Cir. 1960)]." [citations added]

It is with this rule and the standards or requirements for its application in mind that the court examines the evidence challenged by this appeal.

■ Appellant's primary objection is directed toward the introduction and admission of certain waybills, destination reports, delivery receipts and photographs which he claims were prejudicially altered after the commission of the crime, or "rigged" for the purpose of the trial. Several of the Government's exhibits contain remarks written in ink or red pencil noting that the shipment was "2 ctns dresses short," or that goods had been "stolen," or that a claim was made or paid because goods were "stolen." Appellant claims that allowing the jury to see these documents with such notations on them was prejudicial to his case. The court can find no reversible error in the admission of these documents. The testimony given in connection with their admission adequately explains when, by whom, and for what purpose the notations were made. It shows that in the business of transporting goods strict records must be kept, and that these notations were made in the normal course of accounting for each item in the shipment. The notations show only that there had been goods stolen and in no way linked appellant to the crime. There has never been any contention that the goods were not stolen. Appellant's only contention is that he did not do the stealing. Since all the notations said or implied was that some goods were stolen, this court can see no possible prejudice to appellant. Certainly there is not sufficient error to apply the "plain error" rule.

■ Appellant also claims that the two photographs admitted into evidence as exhibits eight and nine were "altered, tampered and manufactured evidence" and should not have been admitted. These are photographs of the car found in the Best Auto Body Shop a few days after the theft, and identified by Simmons as the car involved in the theft. The testimony surrounding the introduction of these photographs shows that the windshield had been replaced at the time the pictures were taken but that the old broken windshield was lying near the car. It is apparent from the photographs that the old windshield was placed on top of the new one for the picture. The pictures were introduced to show the car as it was found and not to depict or recreate its condition at the time of the theft. The admissibility of photographs is left to the sound discretion of the trial court and will not be overturned except for a clear abuse of that discretion. See Pritchard v. Downie, 326 F.2d 323 (8th Cir. 1964); Stone v. Chicago, M. & St. P. R. Co., 53 F.2d 813 (8th Cir. 1931);

Drohan v. Standard Oil Co., 168 F.2d 761 (7th Cir. 1948). Under the conditions in which these pictures were admitted, we can see no abuse of the trial court's discretion and we will not apply the "plain error" rule in this case.

■ Appellant also contends that the manner in which he was identified by Simmons at the police station was improper. This argument goes more to the weight of the evidence or the credence the jury should have given it. We know of no case, constitutional provision, or statute which requires a "line-up" for identification of suspects, as appellant seems to be urging, nor have we been directed to any. We find nothing inadmissible in the testimony concerning the identification.

■ Another of appellant's contentions is that the cautionary instruction given by the court when certain inadmissible statements were made by the witness Simmons was erroneous. Upon the objection by appellant's counsel the court said, "I will sustain the objection and the jury may disregard it. Confine your testimony to what you saw." Appellant contends that the use of the word "may" was error and that the court should have used stronger terms and directed the jury to disregard the testimony. This court finds no error in the above instruction and certainly nothing that affected the substantial rights of appellant. It is clear from the court's statement that the testimony was improper and the jury was not to consider it. It is obvious that appellant's trial counsel so regarded it because he made no objection nor did he request any further instruction from the court.

The appellant sets out several portions of the transcript in which he claims that hearsay evidence was improperly admitted in the trial of the case. None of it was objected to by appellant's counsel at the trial. The court has examined all of these incidents, and, when considered in the context in which they occurred, finds nothing prejudicial in their admission.

In summary, the court has examined all of appellant's contentions concerning improper admission of evidence and has found no error or defects affecting the substantial rights of appellant.

Appellant's claim that he was deprived of a fair and impartial trial is based on the premise that inadmissible evidence was admitted during the course of the trial, thereby making the trial unfair. Since we have ruled that the challenged evidence was not prejudicial to appellant's case, this point is without merit and needs no further consideration.

■■ The fifth and final point of appeal raised by the appellant is that he was deprived of his right of effective assistance of counsel. There is no doubt that appellant had the assistance of counsel before and during his trial. Appellant's argument is that he did not receive *effective* assistance as is required by the Constitution. The main thrust of this claim is that appellant's court-appointed counsel did not object to the admission of the evidence discussed above in this opinion. The court finds no merit in this claim. There are many reasons why counsel do not always object to evidence even though it may be technically questionable. This court's decision that the evidence in question was not prejudicial may be one indication of appellant's counsel's reasons for not doing so in this case. Upon consideration of the actions of counsel during the trial, we find that counsel's performance of his duties was more than adequate and well within the meaning of effective counsel which the courts across the country have given these terms. As this court said in Holt v. United States, 303 F.2d 791, 795 (8th Cir. 1962), "the constitutional right of an accused to 'have assistance of counsel for his defense' does not mean 'successful assistance.' "

## CONCLUSION

The court has carefully considered each of appellant's points of appeal or contentions and has found nothing which would require reversing the lower court, even if proper objections had been made. Of course, this means that there is no

error that would come within the standards or requirements for application of the "plain error" rule. The decision of the United States District Court for the Eastern District of Missouri is affirmed.