COMMONWEALTH *vs.* NORMAN GEORGE BERNIER.

Middlesex. January 4, 1971. — March 8, 1971.

Present: TAURO, C.J., CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Practice, Criminal,* Assistance of counsel, New trial. *Evidence,* Presumptions and burden of proof. *Constitutional Law,* Assistance of counsel. *Words,* "Effective."

At the hearing of a motion for a new trial of indictments which was based on facts neither agreed upon nor apparent on the face of the record, the burden of proving such facts was on the defendant. [15]

At the hearing of a motion for a new trial of an indictment the trial judge may use and rely upon his own knowledge of what took place at the trial. [16]

Review of the standard of representation by counsel to which a defendant charged with crime is entitled. [16–19]

There was no error in a trial judge's denial of a motion for a new trial of indictments which was based on alleged deprivation of the defendant's constitutional right to the "effective assistance of counsel" in that his counsel failed to prepare for trial, where evidence supported a finding that he "adequately prepared the case in interviews with the Defendant" [19]; in that certain acts and omissions of the defendant's counsel were prejudicial, where it appeared that they were matters of trial judgments or tactics [19–20]; in that the defence of insanity was not formally pleaded, where a finding was warranted that the defendant's counsel "properly determined that no effective use" could be made of that defence [20–21]; in that the defendant's counsel failed to present any other defence and "relied on the general plea of not guilty" and on the Commonwealth's burden of proof [21]; in that he decided not to call the defendant to the witness stand [22]; or in that the defendant's counsel "was not effective in prosecuting" an appeal from the defendant's conviction, where nothing in the transcript or record supported such allegation [22].

Findings by the trial judge on a motion for a new trial by one of two defendants convicted on indictments for serious offences, that the representation of both defendants by the same lawyer at the original trial did not involve or result in any conflict of interest, and that there was no prejudice to the movant by reason thereof, justified a conclusion that such representation did not deprive the movant of the effective assistance of counsel. [23]

The fact that a court officer or jail attendant informed a trial judge four days after the defendant was convicted of serious crimes and just be-

fore he was sentenced that a razor blade had been found in the defendant's shoe the night before did not entitle the defendant to a new trial, a motion for which, based on alleged ineffectiveness of counsel, was subsequently filed by the defendant. [23-24]

INDICTMENTS found and returned in the Superior Court on November 2, 1966.

A motion for a new trial was heard by *Brogna, J.*

*Norman G. Bernier*, pro se.

*Terence M. Troyer*, Legal Assistant to the District Attorney, for the Commonwealth.

QUIRICO, J.  This is an appeal by the defendant under G. L. c. 278, §§ 33A–33G, from the denial of his motion for a new trial.  On February 23, 1967, the defendant was convicted by a jury on two indictments charging the crimes of kidnapping, two charging the crimes of assault by means of a dangerous weapon, one charging the crime of robbery while armed with a dangerous weapon, and one charging the crime of unlawful possession of a firearm.  On the defendant's appeal to this court the judgments in all six cases were affirmed by an opinion dated May 2, 1968, and reported as *Commonwealth* v. *Medeiros*, 354 Mass. 193, cert. den. sub nom. *Bernier* v. *Massachusetts*, 393 U. S. 1058.[1] The victims of the kidnappings and assaults were a mother and her two year old daughter, and the victim of the armed robbery was the mother.

On September 26, 1969, the defendant filed a motion for a new trial on the alleged ground that before and during his trial and in the prosecution of his direct appeal to this court he was denied the "effective assistance of counsel" guaranteed to him by the Sixth Amendment to the United States Constitution made applicable to the several States through the due process clause of the Fourteenth Amendment.  In his motion he alleges a number of specific acts or omissions

---

[1] The following then occurred: (1) The defendant filed a petition in the United States District Court (D. Mass.) for a writ of habeas corpus, and it was dismissed on June 18, 1969.  See *Bernier* v. *Scafati*, Docket No. Misc. Civil 69-7-C.  (2) On June 26, 1969, he filed a petition for a writ of error in the county court.  On September 11, 1969, the petition was ordered stayed pending the filing and disposition of a motion for a new trial in the Superior Court.

by his court-appointed counsel which he claims resulted in depriving him of his right to the effective assistance of counsel.

In his motion for a new trial and in a letter which he sent to the trial judge one week before the hearing on the motion, the defendant stated that he elected to waive his right to be represented by counsel, and that he desired to handle the matter himself. At the opening of the hearing on the motion the trial judge informed the defendant of his right to be represented by counsel in the proceeding, and to have counsel appointed for him by the court if he desired. He again stated that he elected to proceed without counsel, and he signed a waiver of his right to have counsel appointed for him. The trial judge thereupon signed a certificate of compliance with S. J. C. Rule 3:10, 351 Mass. 791–793.

The defendant's motion was heard by the trial judge on the basis of the sworn statements contained therein plus evidence consisting solely of testimony given by the defendant and by the attorney who represented him at the time of the original trial and appeal to this court.[2] Before the defendant took the stand at the hearing on the motion the trial judge informed him that by taking the stand he would probably be waiving any attorney-client privilege attaching to his conversations with the attorney whose conduct he was now questioning. The defendant replied, "I am willing to waive that," and he agreed that the attorney could disclose any conversation which the defendant had with him.[3]

To the extent that the defendant's motion was based on facts which were neither agreed upon nor apparent on the face of the record, he had the burden of proving such facts.

[2] On the basis of our own knowledge and observations we note that the lawyer in question had broad experience in the preparation, trial and appeal of criminal cases as the result of his employment by the Massachusetts Defenders Committee on a full time basis for a number of years, which employment continued through the time of trial and appeal of these cases.

[3] With this express waiver, it is unnecessary to consider whether there was also an implied waiver by reason of the action of the defendant in filing the motion for a new trial and in testifying about such conversations as a witness at the hearing thereon. *Woburn* v. *Henshaw,* 101 Mass. 193, 200. *Green* v. *Crapo,* 181 Mass. 55, 62. *Knowlton* v. *Fourth-Atl. Natl. Bank,* 264 Mass. 181, 196.

*Commonwealth* v. *Jordan,* 207 Mass. 259, 275, affd. sub nom. *Jordan* v. *Massachusetts,* 225 U. S. 167. *Commonwealth* v. *Sacco,* 255 Mass. 369, 448, *S. C.* 259 Mass. 128, 138–139. The trial judge was not compelled to accept as true the statements made in the affidavit or the oral testimony of the witnesses at the hearing. The credibility of the affiant and the witnesses was a preliminary matter for decision by the trial judge and his decision thereon is final. *Commonwealth* v. *Jordan, supra,* 275. *Commonwealth* v. *Crapo,* 212 Mass. 209, 210. *Commonwealth* v. *Chin Kee,* 283 Mass. 248, 257. *Commonwealth* v. *Millen,* 290 Mass. 406, 410. *Commonwealth* v. *Noxon,* 319 Mass. 495, 500. *Commonwealth* v. *Doyle,* 323 Mass. 633, 637. *Commonwealth* v. *Heffernan,* 350 Mass. 48, 53, cert. den. sub nom. *Heffernan* v. *Massachusetts,* 384 U. S. 960.

In acting upon the defendant's motion for a new trial, the trial judge used and relied in part upon his own knowledge of what took place at the trial before him. This court has held in a number of opinions that such action is proper. *Commonwealth* v. *Sacco,* 259 Mass. 128, 140. *Commonwealth* v. *Chin Kee,* 283 Mass. 248, 257. *Commonwealth* v. *Lee,* 324 Mass. 714, 721–722. *Commonwealth* v. *Barrasso,* 342 Mass. 680, 685.

The trial judge found against the defendant on most of the disputed factual issues raised by the motion for a new trial; and he decided against the defendant as to whatever legal questions were thereby raised. As to the judge's findings of facts, the only question before us is whether there was evidence which, if believed, warranted the findings. *Commonwealth* v. *Jordan, supra,* 275. We conclude that there was evidence to support all of the findings made by the trial judge. The defendant argues that in any event, on the facts found, the judge applied the wrong legal standards in concluding that the defendant had not been denied the right to the effective assistance of counsel.

Before considering the different categories of claims made by the defendant in support of his conclusion of ineffective legal representation, we shall review generally the standard

˙of representation to which he was entitled. We consider this appropriate at this time because of the increasing frequency with which convicted defendants are making accusations of incompetence or ineffectiveness against their trial lawyers as a basis for motions for new trials.

We are not concerned here with the defendant's right to be represented by counsel, but only with the question raised by him whether the representation which he received was so deficient that it was tantamount to a denial of effective assistance. In answering this question we are aided by a consideration of the frequently quoted language of several decisions by other courts on this subject.

In *Mitchell* v. *United States*, 259 F. 2d 787 (Ct. App. D. C.), cert. den. 358 U. S. 850, the court said at pp. 793–794, that the term "effective assistance" when used with reference to the construction of the constitutional requirement for the assistance of counsel "does not relate to the quality of the service rendered by a trial lawyer or to the decisions he makes in the normal course of a criminal case; except that, if his conduct is so incompetent as to deprive his client of a trial in any real sense — render the trial a mockery and a farce is one descriptive expression, — the accused must have another trial, or rather, more accurately, is still entitled to a trial. A convicted person cannot bring about a judicial hearing upon and determination of the trial competence of defense counsel by making allegations which, either on their face or after initial testing for verity, fail to indicate a lack of skill so great that the accused in realistic fact had not a fair trial. An accused cannot bring about a judicial evaluation of the quality of a defense; he is entitled only to allege and show that the proceeding was not a fair trial."

In *MacKenna* v. *Ellis*, 280 F. 2d 592, 599 (5th Cir.), the court said: "We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* effective assistance. We consider undivided loyalty of appointed counsel to client as essential to due process."

In *Scott* v. *United States*, 334 F. 2d 72, 73 (6th Cir.), cert. den. 379 U. S. 842, the court said: "Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail."

The general principles stated above apply alike to court-assigned counsel, whether or not he be a public defender, and to privately retained counsel. Each is under the same obligation to defend with all of his skill and energy; and each has the same moral and ethical obligations to the court, embodied in applicable canons of ethics or standards of required conduct for the profession. A client of an assigned counsel can neither demand nor expect more from his lawyer than he could from a lawyer privately retained to defend him. In the very recent case of *People* v. *Williams*, 47 Ill. 2d 239, the court said: "A court appointment to represent an indigent defendant does not endow an attorney with the ability to perform miracles . . . ." Likewise, court-assigned counsel may not by reason of such assignment, maintain or attempt to maintain any defence, or do or attempt to do any act in behalf of his client which would be improper if done by counsel privately retained; and the client has no right to ask or expect his assigned counsel to do so.

Since the word "effective" was first judicially coupled with the constitutional words "assistance of counsel" in *Powell* v. *Alabama*, 287 U. S. 45, 71, we have had the benefit of many decisions on what these words do or do not mean or require when applied to particular situations. We shall refer to some of these decisions. "'Effective' assistance of counsel obviously means something other than successful assistance." *Mitchell* v. *United States, supra*, 789, 792. *United States* v. *Duhart*, 269 F. 2d 113, 115 (2d Cir.). *MacKenna* v. *Ellis, supra*, 599. *Johnson* v. *United States*, 362 F. 2d 43, 47 (8th Cir.). *Bendelow* v. *United States*, 418 F. 2d 42, 50 (5th Cir.). In *Odom* v. *United States*, 377 F. 2d 853, 858–859 (5th Cir.), the court concluded its discussion on this point with the following language: "He

who wars must sometimes win and sometimes lose. The Constitution, it must be remembered, commands a battle, but not a victory." The words do not guarantee counsel who do not make mistakes. *Dorsey* v. *Gill*, 148 F. 2d 857, 876 (Ct. App. D. C.), cert. den. 325 U. S. 890. *Moore* v. *United States*, 220 F. 2d 198, 199 (Ct. App. D. C.). They do not entitle the defendant to any particular lawyer nor to the best or most brilliant lawyer available. *Pineda* v. *Bailey*, 340 F. 2d 162, 164 (5th Cir.). *United States ex rel. Carey* v. *Rundle*, 409 F. 2d 1210, 1215 (3d Cir.), cert. den. 397 U. S. 946. *Commonwealth* v. *Drolet*, 337 Mass. 396, 399–401. Neither do the words mean that the assistance of counsel was ineffective because of retrospective differences of opinion about judgments formed, or tactics used by the trial lawyer during the trial; because of the failure to offer, or the failure to object to the offer of evidence; because of retrospective opinions that different tactics or strategy might have been more successful than those used by the trial lawyer; or because a different or better result might have been obtained by a different lawyer. *Burton* v. *United States*, 151 F. 2d 17, 18 (Ct. App. D. C.), cert. den. 326 U. S. 789. *Mitchell* v. *United States, supra*, 793. *United States* v. *Duhart*, 269 F. 2d 113, 115 (2d Cir.). *O'Malley* v. *United States*, 285 F. 2d 733, 734 (6th Cir.). *Scott* v. *United States*, 334 F. 2d 72, 73 (6th Cir.), cert. den. 379 U. S. 842. *Johnson* v. *United States, supra*, 47. *Odom* v. *United States, supra*, 859.

We now consider the several categories of alleged acts or omissions by his trial counsel which the defendant contends deprived him of his constitutional right to the effective assistance of counsel.

1. The defendant's contention that his trial lawyer failed to prepare for the trial is disposed of by the trial judge's finding as a fact that the lawyer "adequately prepared the case in interviews with the Defendant." The evidence at the hearing supports the finding.

2. Several of the acts or omissions of his trial lawyer about which the defendant complains involve matters of

judgments formed or tactics followed by the lawyer during the trial, and they are an inherent part of a trial under our adversary system. They include the lawyer's failure to object to certain evidence, the failure to cross-examine the adult victim of the crimes and the manner in which the case was argued to the jury. They are strikingly similar to what the court in *Odom* v. *United States, supra,* 858, called "a melange of 'he should haves' and 'he should not haves,' most of which were matters of instantaneous courtroom judgment and trial tactics." In *Mitchell* v. *United States, supra,* at p. 792, the court listed some of the many questions on which a lawyer must make decisions during the course of a trial, and then said: "All these and more are practical questions and very real questions. Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues." It is not open to the defendant to ask us now, in our position detached in time and place from the trial and with ample opportunity for deliberation, to review the wisdom, soundness or accuracy of the judgments and tactics of the trial lawyer. Even if, in retrospect and with the benefit of the knowledge of the verdicts against the defendant, it could be said that the judgments and tactics were wrong, that would not amount to a denial of the defendant's constitutional right to the effective assistance of counsel.

3. The defendant contends that his trial lawyer was ineffective because he failed to present any defence whatsoever on his behalf at the trial, and in particular because he failed to "formally plead the defense of insanity . . . though there was substantial evidence to support such a pleading." The trial judge's findings which were supported by the evidence do not support these allegations by the defendant.

On the matter of the defence of insanity the judge found that the lawyer moved before trial that the defendant be examined by a named psychiatrist selected by the defendant, that the judge who acted on the motion ordered such an examination but by a different psychiatrist selected by the court, and that based on the report of the examina-

tion the defendant's lawyer "properly determined that no effective use could be made of the defense of lack of criminal responsibility," and instead relied on the general plea of not guilty. The report stated that the defendant was responsible for his acts. The lawyer had tried to obtain psychiatric evidence in support of a possible defence of insanity, but was unsuccessful.

As to defences other than insanity, the trial judge found that the lawyer "relied on the general plea of not guilty and the high degree of certainty required on the part of the Commonwealth to prove the guilt of the Defendant beyond a reasonable doubt." He found further that "the Commonwealth had an overwhelming case against . . . [the defendant]. In addition to the positive identification by the victim, a piece of paper on which he had written her name and address was found on the Defendant's person upon his arrest, together with the money he had taken from her." In his testimony at the hearing on the motion for a new trial the defendant freely and fully admitted that he had committed all of the acts charged against him, and that he had so informed his lawyer before trial.

The defendant failed to sustain his allegations that his trial lawyer failed to present any defences which could have been properly presented.

While the position of the lawyer as advocate for his client required that he represent the defendant to the best of his ability, it did not require or permit him to advance a defence which he could not support by evidence. "A lawyer, employed or appointed, is under obligation to defend with all his skill and energy, but he also has moral and ethical obligations to the court, embodied in the canons of ethics of the profession. Mere failure to achieve acquittal is no part of a court's consideration of the work of a trial lawyer. His obligation is to achieve a fair trial, not to see that his client is acquitted regardless of the merits." *Mitchell* v. *United States, supra,* 792. To say that a lawyer must present any and every claim or defence desired by his client, and must defer entirely to his client in evaluating the merits

of such claims or defences would subvert the position and profession of the lawyer and would reduce him to a mere tool for the accomplishment of the ends of his client, whatever the ends might be. That is not the position of the lawyer in the administration of justice. We do not understand anything said herein to be in conflict with the holding of the court in *Anders* v. *California,* 386 U. S. 738.

4. In his claim of ineffective assistance of counsel by reason of not allowing him to testify at his trial, the defendant assumed, in his testimony at the hearing on the motion for a new trial, that he could have taken the stand at the trial and limited his direct and cross-examination to the issue of his "feelings at the time of the crime." We take this to refer to a defence of insanity. If he took the stand as a witness, his testimony could not be so limited. *Commonwealth* v. *Tolliver,* 119 Mass. 312, 315. *Commonwealth* v. *Johnson,* 175 Mass. 152, 153. *Commonwealth* v. *Fortier,* 258 Mass. 98, 100. *Commonwealth* v. *Galvin,* 310 Mass. 733, 748. He would have been exposed to questioning about the details of the crimes charged against him, and if he answered truthfully he would have incriminated himself hopelessly on issues other than insanity. The trial judge found that the defendant did not request that he be allowed to take the stand and that the decision that he not be put on the stand was a proper one. The decision by the trial lawyer not to call the defendant to the witness stand is just another example of the many court room judgments or trial tactics which we are not required to review for wisdom, soundness or accuracy. It is governed by what we said in paragraph 2 above.

5. There is nothing in the transcript or in the record before us to support the defendant's conclusory allegation in his motion to the effect that "Counsel was not effective in prosecuting . . . [his] direct appeal as an active advocate." We take notice of the fact that the defendant's trial lawyer carried the direct appeal to this court in a case reported as *Commonwealth* v. *Medeiros,* 354 Mass. 193. The only question raised by the defendant Bernier in that ap-

peal was the denial of the motion that he be examined by a specified psychiatrist.

6. On the defendant's claim of ineffective assistance of counsel because his lawyer also represented his codefendant at the same trial, the trial judge found that there was no conflict of interest in so doing. He found that there was no evidence of any statement by one defendant implicating the other, that there was no conflict or inconsistency in the defences of the two defendants, and that the lawyer's representation of both defendants did not result in any detriment to the defendant Bernier or cause the lawyer "to make less of a defense than he properly could on Bernier's behalf." It is not disputed that if the assigned lawyer in these cases represented two defendants whose interests conflicted in a manner which denied the present appellant his right to effective assistance of counsel, the appellant's conviction could not stand. *Glasser* v. *United States*, 315 U. S. 60. However, "absent a conflict of interest which interferes with the proper presentation of the defense of one of the codefendants, the mere fact that both are represented by the same attorney is not grounds for reversal." *Lugo* v. *United States*, 350 F. 2d 858, 859 (9th Cir.). *Gonzales* v. *United States*, 314 F. 2d 750, 752 (9th Cir.). *Englehart* v. *Commonwealth*, 353 Mass. 561, 563, cert. den. 393 U. S. 886. In *Lollar* v. *United States*, 376 F. 2d 243, 246 (Ct. App. D. C.), the court said: "It is settled that some prejudice, some conflict of interest, resulting from the joint representation must exist before one can be said to have been denied effective assistance of counsel." In the present case the trial judge having found that the representation of both defendants by the same lawyer at the original trial did not involve or result in any conflict of interest, and that there was no prejudice to the defendant Bernier by reason thereof, the trial judge properly concluded that the same lawyer's representation of both defendants did not deprive Bernier of the effective assistance of counsel.

7. The remaining ground on which the defendant claims his lawyer was ineffective relates to an occurrence at the

time of sentencing. The defendant was convicted by a jury on Thursday, February 23, 1967, but he was not sentenced until Monday, February 27. He was held in custody at the jail between the two dates. On the date of sentencing, a court officer or jail attendant told the trial judge that on the night before a razor blade had been found in the defendant's shoe and had been taken away from him. The trial judge told the defendant's trial lawyer in open court about the information he had received, and the lawyer conferred with the defendant about it before completing his argument on disposition. Assuming that it was improper for the court officer or jail attendant to give this information to the trial judge, and we do not so decide, it occurred four days after the jury had rendered their verdicts, and it does not entitle the defendant to a new trial. The case of *Haller* v. *Robbins*, 409 F. 2d 857 (1st Cir.), relied on by the defendant, does not hold otherwise. In that case during a period after the defendant pleaded guilty and before he was sentenced the prosecutor, in the absence of the defendant and his counsel, gave the trial judge information "of an episode of sordid behavior" by the defendant toward the victim of the kidnapping to which he had pleaded guilty. The court ordered further proceedings to determine whether there should be a resentencing, but it did not vacate the defendant's plea of guilty.

We hold that all of the findings made by the trial judge were warranted on the evidence presented at the hearing on the motion, and that his conclusion that the defendant was not denied the effective assistance of counsel was correct. There was no error. *Commonwealth* v. *Libby*, 358 Mass. 617.

*Order denying motion for new trial affirmed.*