COMMONWEALTH *vs.* LEONARD L. LUSSIER.

Hampden. March 1, 1971. — April 30, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Practice, Criminal*, Assistance of counsel, Trial of defendants together. *Constitutional Law*, Assistance of counsel. *Homicide*. *Words*, "Effective."

There was no error in the denial of a motion for a new trial of an indictment for murder which was based on alleged deprivation of the defendant's constitutional right to the effective assistance of counsel at his trial in the Superior Court in that the defendant's counsel did not object to the admission in evidence of a confession by the defendant, where it appeared that he particularly requested the counsel assigned, that the confession was made "under circumstances that . . . [counsel's] investigations revealed would not be easy to overcome," and that when it was offered in evidence the trial judge immediately called for a voir dire and after a full hearing ruled that the confession was voluntarily made [395–396]; or in that the defendant's counsel in questioning a police officer disclosed to the jury that the defendant had pleaded guilty to murder when arraigned in a District Court without benefit of counsel [396–398].

There was no error in the denial of a motion for a separate trial by one of two defendants indicted for murder where it appeared that at the joint trial each defendant testified at length concerning his own and the other's participation in the crime and a confession by each defendant and his testimony recited the actual events surrounding the homicide. [398–399]

Where there was uncontroverted evidence at a trial which warranted conviction of the defendant of murder in the first degree during the attempted commission of a crime punishable with life imprisonment, armed robbery, and no evidence which would have warranted his conviction of murder committed in the commission or attempted commission of a crime not punishable with life imprisonment, the trial judge correctly instructed the jury that the felony-murder rule applied. [399–400]

INDICTMENT found and returned in the Superior Court on May 7, 1954.

A motion for a new trial was heard by *Macaulay*, J.

*Edward I. Snyder* for the defendant.

*Matthew J. Ryan, Jr.*, District Attorney, for the Commonwealth.

SPIEGEL, J. In a joint trial with a codefendant in 1954, the defendant was found guilty of murder in the first degree and received a sentence of life imprisonent in accordance with the recommendation of the jury that the sentence of death be not imposed. On appeal to this court the judgment was affirmed. *Commonwealth* v. *Lussier*, 333 Mass. 83. On October 3, 1969, the defendant filed a motion for a new trial. After an extended hearing the judge who presided at the hearing denied the motion from which the defendant appealed under G. L. c. 278, §§ 33A–33G. At the hearing below the defendant filed six "Designations of Error." The judge made a "Report of Material Facts [and] Rulings."

The case is here on a "Supplementary Summary of Record," the transcript of evidence at the hearing on the motion, and four assignments of error. A detailed statement of the evidence at the original trial may be found in *Commonwealth* v. *Lussier, supra.* As we treat with each assignment of error in the order we deem necessary, we shall relate only that portion of the evidence necessary to its disposition.

## I.

The defendant asserts in assignment no. 4 that his constitutional rights under the Sixth and Fourteenth Amendments to the Constitution of the United States were violated in that his court-appointed counsel was ineffective during his trial. In support thereof he cites (a) the failure of his counsel to object to the introduction of his confession and (b) his counsel's disclosure to the jury that the defendant pleaded guilty to murder in the District Court when he was not represented by counsel.

In the recent case of *Commonwealth* v. *Bernier, ante,* 13, 17–19, we discussed the standard of representation to which a criminal defendant is entitled and quoted at length from leading cases on this point. In one of these cases, *Scott* v. *United States,* 334 F. 2d 72, 73 (6th Cir.), cert. den. 379 U. S. 842, the standard is succinctly stated: "Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail." See *Mitchell* v. *United States,* 259 F. 2d 787, 793–794 (Ct. App. D. C.), cert. den. 358 U. S. 850.

Applying this standard to the case before us, we note that in his "Report of Material Facts, Rulings and Order Denying Motion for New Trial," the judge found that the defendant particularly requested, in his petition for the assignment of counsel, dated May 11, 1954, that he be assigned a specific attorney who had been engaged in active trial practice for eighteen years. This request of the defendant was granted. The judge further found that "[t]he problems confronting . . . [counsel] in the case were exceedingly difficult and grave. Lussier had already made a confession under circumstances that . . . [counsel's] investigations revealed would not be easy to overcome. The defendant had accompanied police on a tour of the places involved, explaining everything that he and his co-defendant did on

the night of the homicide. . . . A girl friend had told the
police how he left the gun and his articles of disguise with
her after the homicide. Witnesses of lesser events gave
consistent accounts upholding the prosecution's version. Be-
cause of these factors, . . . [counsel] engaged independent
investigators to aid him in his own investigation of the
case and, after hours of such preparation, he concluded that
the only hopeful courses for the defense to take were: (1) to
endeavor to prove that the shooting was accidental and not
intentional based on the testimony of a boy witness that the
fatal shot was fired when the defendant slipped on ice in the
act of falling to the ground, and (2) to endeavor to prove
that the armed robbery enterprise had ended and had been
abandoned before the fatal shooting occurred."

At the defendant's trial, when his confession was offered
in evidence, the judge immediately called for a voir dire
hearing on the question of its admissibility. After a full
hearing, the judge ruled that the confession was voluntarily
made. Regardless of whether the defendant's counsel should
have objected to the admission in evidence of the confession,
the defendant was afforded the full requirements of due
process in having had a fair hearing on the issue of volun-
tariness. Cf. *People* v. *Odom*, 71 Ill. App. 2d 480, 482. The
fact that counsel did not object after the trial judge ruled
that the confession was voluntary was inconsequential and
did not violate the standard of representation previously
recited.

The defendant's second ground for complaining of in-
adequate representation relates to his counsel's disclosure
to the jury of the fact that the defendant pleaded guilty
to murder when arraigned in the District Court without
benefit of counsel. The record reveals that the defendant's
counsel engaged in the following colloquy while questioning
a police officer: Q. "Was Mr. Moynihan (the District At-
torney) in the District Court?" A. "He was, sir."
Q. "And when the charge was read, Lussier pleaded
guilty?" A. "That is correct, sir." Q. "And that charge
was first degree murder?" A. "It was murder. It wasn't

of any degree. It was just murder." Q. "Well, the charge was the same charge that we have in the indictment here now, wasn't it?" THE DISTRICT ATTORNEY: "If Your Honor please, I object to it." THE JUDGE: "Excluded." DEFENDANT'S COUNSEL: "But at any rate, the Court didn't accept his plea, did it?" THE WITNESS: "That's correct."

The purpose of counsel's questions must be viewed in the light of the circumstances existing at the trial. The judge who heard the motion for a new trial found that counsel "was attempting to minimize or weaken the effect of the defendant's confession and admissions. He brought out evidence that Lussier was a young man with an extremely unstable childhood, unfit parents, and had been a ward of the state who had lived in many foster homes; that he only acquired a ninth grade education and that he was a youth with a mind so malleable or yielding that he would easily agree with whatever some one might say to him just to be agreeable."

In view of the overwhelming evidence inculpating the defendant, especially his confession, it is clear that the only substantial defence available to counsel was to attempt to prove that the shooting was unintentional. It seems plain that his attorney was endeavoring to create some plausible reason for the jury to find the defendant not guilty. In these circumstances we cannot say that the trial techniques of his counsel constituted incompetency. We quote certain language from the case of *Commonwealth* v. *Bernier, ante,* 13, 19, which is particularly apt in describing the situation confronting the defendant's counsel: "Neither do the words [effective assistance of counsel] mean that the assistance of counsel was ineffective because of retrospective differences of opinion about judgments formed, or tactics used by the trial lawyer during the trial; because of the failure to offer, or the failure to object to the offer of evidence; because of retrospective opinions that different tactics or strategy might have been more successful than those used by the trial lawyer; or because a different or

better result might have been obtained by a different lawyer."

## II.

In assignment no. 3, the defendant again relies on the disclosure to the jury of his guilty plea in the District Court where he was without counsel as violative of his constitutional rights. We discern no occasion to review the cases of *Arsenault* v. *Massachusetts*, 393 U. S. 5, and *White* v. *Maryland*, 373 U. S. 59, cited by the defendant, holding that it is error to admit in evidence a plea of guilty where such plea was made without benefit of counsel in a prior criminal proceeding. In the present case, as we have set forth above in the colloquy between defence counsel and a police officer, this evidence was brought out by defence counsel, not by the Commonwealth. In any event, it was excluded by the trial judge.

## III.

The defendant's assignment no. 1 relates to the denial by the trial judge of the defendant's motion for a separate trial. He relies on the case of *Bruton* v. *United States*, 391 U. S. 123, made retroactive by *Roberts* v. *Russell*, 392 U. S. 293. In the *Bruton* case the petitioner and his codefendant were jointly tried for armed postal robbery. The codefendant did not testify. A postal inspector testified that the codefendant made an oral confession that Bruton and he committed the robbery. The jury were instructed in accordance with the decision in *Delli Paoli* v. *United States*, 352 U. S. 232, that the confession of the codefendant was to be disregarded in assertaining the guilt or innocence of Bruton. On appeal, the Supreme Court of the United States, overruled the *Delli Paoli* case, holding that there was substantial risk that the jury, despite limiting instructions to the contrary, looked to the codefendant's confession in determining Bruton's guilt and that admission of the confession in a joint trial, where the codefendant did not take the witness stand, violated Bruton's right of cross-examination

secured by the confrontation clause of the Sixth Amendment. *Bruton* v. *United States, supra,* at 136–137.

In the instant case, unlike the *Bruton* case, each defendant had testified at length concerning his own and each other's participation in the crime. Each defendant's confession and each defendant's testimony recited the actual events surrounding the homicide. In this respect, the case is similar to *Commonwealth* v. *Scott,* 355 Mass. 471, 477–478, wherein it was said: "By reason of his own admission of the essential facts of each statement, no practical risk was created that the jury would improperly use against one defendant statements of another defendant. . . . Neither statement in the present case implicates the other defendant in any material respect which he has not himself admitted."

The present case appears to us even stronger than the *Scott* case because in the *Scott* case neither one of the defendants testified at the trial. Here, each defendant did testify and therefore there was ample opportunity for cross-examination. There was no error.

## IV.

In his assignment no. 2,[1] the defendant relies on the case of *Commonwealth* v. *White,* 353 Mass. 409, 424–425. He states "that the 'felony-murder rule' was not applicable to defendant's trial as said rule limited the jury to the choice of either acquitting defendant or finding him guilty of first-degree murder without allowing for the extenuating circumstances directly involving the demise of the decedent, germane to the finding of a lesser degree of guilt."

At the trial there was uncontroverted evidence which "was sufficient to warrant the jury in finding that Lussier attempted to commit the crime of robbery in such manner and in such circumstances that, if he had effected the rob-

---

[1] It is not clear from the defendant's brief whether this assignment has been waived or whether the issues raised by it have been argued in connection with assignment no. 1. We treat with these issues as if they constituted part of assignment no. 2.

bery, he could upon conviction have been sentenced to imprisonment for life." *Commonwealth* v. *Lussier*, 333 Mass. 83, 89. General Laws c. 265, § 17, makes armed robbery punishable by life imprisonment. Here, unlike the *White* case, *supra*, there was no evidence which would warrant the jury in finding that, instead of armed robbery, the defendant could have committed the crime of breaking and entering, a crime not punishable by life imprisonment. See G. L. c. 266, § 16. The trial judge correctly instructed the jury on the applicability of the felony-murder rule.

*Order denying motion affirmed.*