COMMONWEALTH *vs.* ROBERT L. SCOTT.

Hampden.   April 8, 1974. — January 13, 1975.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Practice, Criminal,* Assistance of counsel, New trial.

In a rape case, trial counsel's failure to request a voir dire challenging the victim's in-court identification from a newspaper picture, failure to summon as witnesses fellow prisoners of the defendant who, the defendant alleged, claimed the victim had identified them as her abductors, and failure to subpoena the victim's father, whose description of the automobile involved in the abduction did not fit that of the defendant's automobile or the description given by the victim did not indicate that the defendant was denied effective assistance of counsel. [765-768]

At a hearing on a motion for a new trial, the judge was not required to review decisions of trial counsel falling within the area of trial tactics and judgment and there was no error in excluding evidence relevant for such review. [768]

There was no abuse of discretion in the denial of a criminal defend-
    ant's request for thirty days in which to prepare a memorandum
    of law following the conclusion of testimony at a hearing on a
    motion for new trial. [768]

MOTION for a new trial filed in the Superior Court on
March 9, 1973.

The proceeding was heard by *Zarrow*, J.

*Richard D. Clarey (Jane M. Cohen* with him) for the
defendant.

*John T. McDonough,* Special Assistant District Attor-
ney, for the Commonwealth.

KEVILLE, J.   In October, 1970, the defendant was tried
before a jury and convicted of the kidnapping, assault
and battery and rape of an eighteen year old woman and
sodomy with the same woman.   He appealed from the
trial judge's denial of a motion for a change of venue
based upon pre-trial newspaper publicity and his refusal
to allow counsel to withdraw from the case on the first
day of trial.   The judge's decision was upheld on both
grounds and the conviction affirmed.   *Commonwealth* v.
*Scott,* 360 Mass. 695 (1971).

The defendant then filed a petition pro se for a writ of
habeas corpus in the United States District Court, but his
petition was dismissed and the Court of Appeals for the
First Circuit ruled that he had failed to exhaust all
remedies available in the State courts.   As a result of
those proceedings, present counsel for the defendant
brought a motion for a new trial in the Superior Court
(see *Earl* v. *Commonwealth,* 356 Mass. 181, 183-184
[1969]) based upon alleged ineffective assistance of coun-
sel at trial.   Pursuant to G. L. c. 278, §§ 33A-33G, the
defendant has now appealed from the denial of his
motion, three evidentiary rulings of the judge at the
hearing on the motion, and the refusal of the judge, at
the conclusion of the hearing, to grant him thirty days'
leave in order to prepare a written memorandum of law.

The motion for a new trial was heard by a judge other
than the trial judge who had resigned. We have before us

Commonwealth v. Scott.

transcripts of the evidence taken at the hearing on the motion and at the trial as well as affidavits submitted with the motion.

In his first assignment of error the defendant contends that the conduct of counsel at trial denied him effective assistance of counsel and due process of law guaranteed by arts. 11 and 12 of the Declaration of Rights of the Constitution of the Commonwealth and by the Sixth Amendment to the Constitution of the United States, made applicable to the States through the Fourteenth Amendment. He specifically complains that trial counsel failed to request a voir dire challenging the victim's in-court identification of the defendant where the victim had made a previous out-of-court identification of the defendant from a newspaper picture appearing in connection with his arrest for an unrelated crime. He argues that trial counsel should have summoned as witnesses fellow prisoners who had allegedly told the defendant that the victim had identified them as her abductors. He further contends that trial counsel should have subpoenaed the victim's father, who had given a description of the automobile involved in the abduction which did not fit the automobile of the defendant or the description of the automobile given by the victim at trial.

The standard for determining whether there has been adequate assistance of counsel is defined in *Commonwealth* v. *Saferian*, 366 Mass. 89, 96-97 (1974). There the court stated that "what is required in the actual process of decision . . . and what our own decisions have sought to afford, is a discerning examination and appraisal of the specific circumstances of the given case to see whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." We need not review matters of judgment or

trial tactics which might appear questionable with the benefit of hindsight. *Commonwealth* v. *Bernier*, 359 Mass. 13, 19, 20, 22 (1971).

Evaluating the circumstances of the case, we find that trial counsel's failure to request a voir dire challenging the victim's identification testimony was not indicative of incompetence but was rather a matter of judgment. There was no evidence that the out-of-court identification was tainted by suggestive circumstances. The victim had simply seen the defendant's picture while reading the Saturday edition of a newspaper. While the issue of identification was crucial to the defendant's alibi defense, trial counsel approached the issue by challenging the victim's credibility on cross-examination. It is recognized that counsel often elect to forgo for tactical reasons a voir dire to which they may be entitled. *Commonwealth* v. *Underwood*, 358 Mass. 506, 509-510 (1970). *Commonwealth* v. *LeBlanc*, 364 Mass. 1, 11-12 (1973). It is not evident that trial counsel's decision deprived the defendant of an otherwise available, substantial defense. *Commonwealth* v. *Saferian*, 366 Mass. at 96. We are not to second guess his choice. *Commonwealth* v. *Bernier, supra,* at 19, 20.

The defendant complains that the trial counsel should have called as witnesses two fellow prisoners of the defendant who told him that the victim had identified them as her attackers. He contends that this evidence would have tended to impeach the credibility of the victim and thereby have strengthened his alibi defense. At the hearing on the motion, the defendant related what his fellow prisoners had allegedly told him. The credibility of witnesses is a preliminary matter for the motion judge and his decision thereon is final. *Commonwealth* v. *Bernier, supra,* at 16. It cannot be said that trial counsel's failure to call these witnesses showed incompetence. He may reasonably have concluded that they, as witnesses before the jury, would not have aided his client's case.

The defendant contends that trial counsel should have subpoenaed the victim's father in order to obtain his description of the automobile involved in his daughter's abduction.  It was claimed that he had seen the automobile from his home and had provided the press with a description of the car.  Because the description did not fit the defendant's automobile or the description given by his daughter at the trial, the defendant contends that his testimony would have impeached the credibility of the victim and supported the defendant's position that his automobile was not involved in the crime.

Here again trial counsel was faced with a question of judgment.  To be weighed against these positive factors were elements of disadvantage to the defendant.  Attenuating the accuracy of the father's description of the car were the factors that his observation was made in the nighttime while it was snowing.  Furthermore, had he called the victim's father to the stand, counsel for the defendant could be sure that the witness' predilections would not have been in favor of the defendant.  Moreover, there was substantial circumstantial evidence that the defendant's car was at the scene of the crime.  A button from the victim's coat and one of her slippers were found in the car along with blood and semen.  In addition, the victim had given an accurate description of the interior of the defendant's car.  In view of the potential infirmities in the description given by the father and the strength of the physical and testimonial evidence to the contrary, the failure of trial counsel to subpoena the father did not demonstrate incompetence and did not result in the forfeiture of a substantial defense.  *Commonwealth* v. *Saferian,* 366 Mass. 96 (1974).

Trial counsel presented and argued to the jury that his client had no knowledge of the crime and had spent the evening of the crime at home.  Several witnesses were called in the defendant's behalf and he also took the stand.  Trial counsel also cross-examined prosecution witnesses seeking to uncover inconsistencies in their testi-

mony. He unsuccessfully moved to suppress the damaging physical evidence discovered in the defendant's automobile. The defendant was able to present his case and challenge the case of the Commonwealth.

We conclude that the defendant was not deprived of effective assistance of counsel. "Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail." *Scott* v. *United States*, 334 F. 2d 72, 73 (6th Cir. 1964), cert. den. 379 U. S. 842 (1964). See *Commonwealth* v. *Bernier*, 359 Mass. 13, 18 (1971).

The defendant's assignments of error numbered two, three and four, are based upon the motion judge's exclusion of questions put to trial counsel and of a newspaper article which the defendant claims demonstrated trial counsel's failure to develop and introduce in evidence at trial identification testimony which might have been helpful to the defense. Assuming the availability of such testimony, the decision whether to utilize it fell within the area of trial tactics and judgment which the motion judge was not required to review. *Commonwealth* v. *Bernier, supra*, at 19-22. See *Commonwealth* v. *Stone*, 366 Mass. 506, 516-517 (1974).

Finally, there was no abuse of discretion in the judge's denial of the defendant's request for thirty days in which to prepare a written memorandum of law following conclusion of the testimony.

*Judgments affirmed.*