COMMONWEALTH *vs.* MICHAEL L. DUKES. July 24, 1975. The defendant was tried without a jury, was convicted of burglary (G. L. c. 266, § 15) and larceny of goods over the value of $100 (G. L. c. 266, § 30), and comes before us on a bill of exceptions pursuant to G. L. c. 278, § 31. 1. The defendant alleges error in the judge's refusal to grant a continuance requested at the close of the prosecution's case. Defense counsel, who claimed to have been surprised by the victim's in-court

and out-of-court identifications of the defendant as one of the two men who had entered her home and carried away two television sets, sought additional time to secure the testimony of other alleged participants in the crime in order to impeach the identification testimony. The decision whether to grant a continuance lay within the sound discretion of the judge. *Commonwealth* v. *Smith,* 353 Mass. 442, 445 (1968). *Commonwealth* v. *Bettencourt,* 361 Mass. 515, 517-518 (1972). *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 273-274, 276 (1973). *Commonwealth* v. *LaFleur,* 1 Mass. App. Ct. 327, 330 (1973). The defendant admitted that he drove other men (who pleaded guilty) to the scene of the crime, drove them away with the stolen goods, was with them in a cellar when the police arrived (the stolen goods were later found in that cellar), and fled from the police with the others. It is clear from the bill of exceptions that the judge disbelieved the defendant's story that he did not know of the crime until he was driving away and that the judge did not regard the defendant's guilt as depending on his presence in the victim's house. Contrast *Megantz* v. *Ash,* 412 F. 2d 804 (1st Cir. 1969), on which the defendant relies, where presence was a crucial issue (and where defense counsel moved for a continuance before trial started). There was no abuse of discretion. 2. The defendant also claims that he was denied effective assistance of counsel. We have reviewed all the areas in which the defendant claims that his trial counsel was deficient, and we do not discern any fault that "probably resulted in forfeiture of a substantial defense." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96, 98 (1974). *Commonwealth* v. *Coleman,* 366 Mass. 705, 710-711 (1975). *Delle Chiaie* v. *Commonwealth,* 367 Mass. 527, 537 (1975). *Commonwealth* v. *Scott,* 2 Mass. App. Ct. 763, 765-766 (1975). *Commonwealth* v. *Jackson, ante,* 288, 294 (1975).

*Exceptions overruled.*

*William A. Nelson* for the defendant.

*Daniel E. O'Malley,* Assistant District Attorney, for the Commonwealth.