COMMONWEALTH *vs.* DONALD K. RONDEAU. October 5, 1978. The two grounds of the motion for a new trial, as explicated by new counsel who represented the defendant at the hearing on the motion, were: (1) that the trial judge (who heard and denied the motion) had refused to permit trial counsel (counsel) to withdraw from the case and appear as an alibi witness for the defendant; and, in the alternative, (2) that the defendant had been denied the effective assistance of counsel by reason of counsel's failures to advise the judge of his (counsel's) role as a potential witness and then withdraw so that he could testify as an alibi witness for the defendant. Both grounds suffer from the lack of a factual predicate in the record. 1. A review of the trial transcript which has been submitted to us by agreement of the parties (see *Commonwealth* v. *Saferian,* 366 Mass. 89, 91 n.3 [1974]) fails to disclose any request by counsel for leave to withdraw; counsel all but admitted at the hearing on the motion that he had not been refused permission to withdraw; and the judge, who properly relied on what he characterized as his "rather precise recollection of all aspects of the trial" (see *Commonwealth* v. *Bernier,* 359 Mass. 13, 16 [1971]), expressly found that he had "not refuse[d] to let the trial defense attorney withdraw and take the stand." 2. The judge was not obliged to, and made it abundantly clear that he did not, credit either counsel's affidavit in support of the motion or his testimony at the hearing on the motion to the effect that he would have testified as an alibi witness. The judge specifically identified the critical portions of counsel's testimony which he believed and disbelieved; his disbelief was epitomized by his stated conclusion that counsel "was not . . . prepared or willing to take the stand at trial and swear to the whereabouts of the defendant during the entire forenoon of [the] day" of the robbery. "The credibility of . . . [counsel] was a preliminary matter for decision by the trial judge and his decision thereon is final." *Commonwealth* v. *Bernier,* 359 Mass. at 16. Compare *Commonwealth* v. *Hubbard,* 371 Mass. 160, 169 (1976); *Commonwealth* v. *Schlieff,* 5 Mass. App. Ct. 665, 669 (1977). Stated simply, the defendant failed to sustain his burden of proving that the alleged omissions of counsel deprived him of an available, substantial ground of defence. See and compare *Commonwealth* v. *Saferian,* 366 Mass. at 96-97; *Commonwealth* v. *Coleman,* 366 Mass. 705, 710-711 (1975); *Commonwealth* v. *Satterfield,* 373 Mass. 109, 115 (1977); *Commonwealth* v. *Adams,* 374 Mass. 722, 727–728, 730 (1978); *Commonwealth* v. *Mains,* 374 Mass. 733, 738 (1978); *Commonwealth* v. *Bolduc,* 375 Mass. 530,540 (1978); *Commonwealth* v. *Schlieff,* 5 Mass. App. Ct. at 115; *Commonwealth* v. *Nearis, ante* 854 (1978). See also *Pires* v. *Commonwealth,* 373 Mass. 829, 836 (1977). 3. None of the other points argued by appellate counsel was raised or passed on below.

*Order denying motion for
new trial affirmed.*

*Steven J. Rappaport* for the defendant.

*Francis R. Fecteau,* Assistant District Attorney, for the Commonwealth.