Lena M. T. Wheeler *vs.* Otis E. Hager.

Franklin. February 6, 1936. — February 25, 1936.

Present: Rugg, C.J., Pierce, Field, Lummus, & Qua, JJ.

*Libel and Slander. Evidence*, Privileged communication.

An affidavit made to an examiner for the Federal Veterans' Administration who had power to compel the giving of testimony, not shown to have been made with malice, was a privileged communication, and the affiant was protected from liability in an action for slander based on statements therein.

TORT.   Writ dated May 26, 1932.

The action was tried in the Superior Court before *T. J. Hammond*, J.   The judge ordered a verdict for the defendant, and the plaintiff alleged exceptions.

*W. A. Davenport*, for the plaintiff.

*A. J. Young*, for the defendant.

LUMMUS, J.   The plaintiff is the widow of a veteran of the Civil War, who died on August 21, 1929.   On November 26, 1929, she filed an application for a widow's pension, under the act of May 1, 1920, c. 165, § 4, 41 U. S. Sts. at Large, 586, U. S. C. Title 38, § 288.   See also act of July 3, 1926, c. 733, § 2, 44 U. S. Sts. at Large, 806.   By the act of August 7, 1882, c. 438, § 2, 22 U. S. Sts. at Large, 345, U. S. C. Title 38, § 199, "the open and notorious adulterous cohabitation of a widow who is a pensioner shall operate to terminate her pension from the commencement of such cohabitation."   A special examiner from the Veterans' Administration called upon the defendant about May 1, 1931, and obtained from him an affidavit in which, the plaintiff contends, the defendant asserted that the plaintiff was guilty of an offence disentitling her to a pension under the statute just recited.   Not long afterwards, the examiner, without authority so far as was shown from either the defendant or the Veterans' Administration, showed the affidavit to the plaintiff.   She brought this action of tort, with a first count for slander and a second count for wilfully and maliciously depriving her of a pension by false and defamatory statements.

At the trial, the plaintiff offered to testify to the contents of the affidavit.   The judge excluded this evidence, and the plaintiff excepted.   Without this evidence, there was no proof of defamation.   The judge directed a verdict for the defendant, subject to the plaintiff's exception.

A special examiner, attached to the Veterans' Administration, may "make special examinations into the merits" of pension claims, "whether pending or adjudicated," may investigate "any suspected attempt to defraud the United States in or affecting the administration of any laws relative to pensions," and has "power to administer oaths and

take affidavits and depositions." U. S. C. Title 38, §§ 121, 122. Act of July 3, 1930, c. 863, §§ 1, 2, 46 U. S. Sts. at Large, 1016. *Markham* v. *United States,* 160 U. S. 319. A witness may be compelled to testify before such an examiner. U. S. C. Title 38, § 124. Act of July 3, 1930, c. 863, §§ 1, 2, 46 U. S. Sts. at Large, 1016. *In re Gross,* 78 Fed. Rep. 107.

We need not consider whether the privilege of a government, to keep from disclosure in judicial proceedings the name of an informer who has made a communication to a public officer concerning the conduct of an individual, extends to the contents of the communication after the name of the informer is known. *Commonwealth* v. *Congdon,* 265 Mass. 166, 175. Wigmore, Evidence (2d ed.) § 2374. See also *Worthington* v. *Scribner,* 109 Mass. 487; *Attorney General* v. *Tufts,* 239 Mass. 458, 490–492; *Segurola* v. *United States,* 16 Fed. Rep. (2d) 563; *Froelich* v. *United States,* 33 Fed. Rep. (2d) 660; 9 Am. L. R. 1099; 2 Am. L. R. 1422. In the present case, even if the contents of the affidavit had been admitted in evidence and had been found to support the declaration, the defendant would nevertheless be protected from liability by the privilege accorded a witness. *Wright* v. *Lothrop,* 149 Mass. 385. *Laing* v. *Mitten,* 185 Mass. 233. *Sheppard* v. *Bryant,* 191 Mass. 591. *Watson* v. *M'Ewan,* [1905] A. C. 480. 12 Am. L. R. 1247. Since there was no evidence of malice, it is unimportant whether the privilege in this case was absolute or qualified.

*Exceptions overruled.*