COMMONWEALTH *vs.* KENNETH JACKSON.   June 4, 1971.   The defendant, convicted of rape and assault and battery by means of a dangerous weapon, appeals on the ground that his arrest was made *without probable cause* and that the admission in evidence of a butcher knife seized following his arrest was improper. The arresting officer approximately fifteen minutes before the arrest received a teletype transmission from the State police barracks referring to a "gray Chevrolet Impala believed to be Connecticut registration plates, two-door sedan, black top, black interior," driven by a "colored male, five-ten, approximately 160 pounds, small mustache, . . . hair described as very thick and curly, . . . wearing . . . [a] turquoise shirt with black stripes." It also contained a detailed description of forcible rape. These descriptions, based on information given the police by the victim and her companion, less than an hour before the arrest, substantially matched the appearance of the defendant and the car he drove in practically every respect. In these circumstances the arresting officer had probable cause to believe that the car and its occupant were those described in the State police bulletin and that a felony had been committed. See *Whiteley* v. *Warden, Wyoming State Penitentiary,* 401 U. S. 560, 565–569. He rightfully stopped the car, made the arrest and seized the knife in the car. The information available to the police in the instant case was considerably more detailed than that reported in *Commonwealth* v. *Breen,* 357 Mass. 441, in which we decided that the arrest was based on probable cause. See also *Commonwealth* v. *Cass,* 358 Mass. 805.

*Judgments affirmed.*

The case was submitted on briefs.

*Reuben Goodman* & *Stephen Axelrad,* for the defendant.

*Matthew J. Ryan,* District Attorney, & *Leonard E. Gibbons,* Assistant District Attorney, for the Commonwealth.