COMMONWEALTH *vs.* ANTOINETTE LIFSEY. May 9, 1974. The defendant was indicted for armed robbery and for assault and battery by means of a dangerous weapon, was tried in proceedings conducted under G. L. c. 278, §§ 33A-33G, and was convicted of both charges by a jury. The only assignment of error briefed and argued (Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 [1972]), by the defendant concerns the denial of her motions to suppress the victim's out-of-court identification of her. Acting upon a radio bulletin containing the victim's description of the coats and approximate ages of two black women claimed to be his assailants, police officers on cruiser duty spotted two women fitting the description crossing Huntington Avenue in Boston near the scene of the crime. The officers watched the women board a cab and followed the vehicle about one-half mile, but then stopped it and requested that the women alight. The officers then arranged an "on-street" confrontation between the victim, who was being taken to a hospital in a police wagon, and the defendant and her codefendant. The victim, sitting in the back of the wagon, positively identified the two women as his attackers as they stood at a distance of less than ten feet. They were not handcuffed but were in the presence of one or perhaps two police officers. The confrontation took place at approximately 2:30 A.M., within an hour after the crime. Such field encounters happening in the course of police investigation promptly following a crime have been expressly approved in this Commonwealth and commended as sound police practice. *Commonwealth* v. *Bumpus,* 354 Mass. 494, 501 (1968), cert. den. 393 U. S. 1034 (1969), reh. den. 393 U. S. 1112 (1969). *Commonwealth* v. *Denault,* 362 Mass. 564, 566 (1972). The standard by which such confrontations must be judged was articulated in *Stovall* v. *Denno,* 388 U. S. 293, 302 (1967), as whether in the "totality of the circumstances" the confrontation was "so unnecessarily suggestive and conducive to irreparable mistaken identification" that it amounted to a denial of due process of law. *Kirby* v. *Illinois,* 406 U. S. 682, 691 (1972). *Neil* v. *Biggers,* 409 U. S. 188, 198-199 (1972). *Commonwealth* v. *Leaster,* 362 Mass. 407, 410 (1972). The trial judge's findings of fact and ruling were amply supported by the evidence and will not be disturbed. *Commonwealth* v. *Murphy,* 362 Mass. 542, 547 (1972). *Commonwealth*

v. *Cofield*, 1 Mass. App. Ct. 660, 667 (1974). *United States* v. *Johnson*, 461 F. 2d 1165 (5th Cir. 1972), cited by the defendant, which involved a confrontation made three years after the crime, and in which confrontation the defendant was bound by handcuffs and leg irons to a codefendant whom the witness had previously identified, is clearly distinguishable from the case before us.

*Judgments affirmed.*

*Joseph F. Flynn* for the defendant.

*Thomas J. Mundy, Jr.*, Assistant District Attorney, for the Commonwealth.