COMMONWEALTH *vs.* JOSEPH LACEY (and two companion cases[1]).
November 11, 1974. The defendants Lacey, Branch and Jackson,
having been jointly tried and convicted of armed robbery, appeal
under G. L. c. 278, §§ 33A-33G. 1. On cross-examination of Lacey
the prosecutor was permitted to read the record of a prior conviction
of Lacey, thereby informing the jury not only of the conviction but
also of the original (and more serious) charge on which he was not
convicted. That practice was approved in *Commonwealth* v.
*Connolly*, 356 Mass. 617, 626-627 (1970), cert. den. 400 U. S. 843
(1970). There was no error. 2. Although the prosecutor on several
occasions mistakenly stated the basis of Lacey's prior conviction (i.e.,
to the effect that Lacey had pleaded guilty to the lesser charge,
whereas he actually had been found guilty), this mistake was subse-
quently corrected before the jury and was therefore not prejudicial.
The judge acted properly and within his discretion in permitting the
question as to the prior conviction to be rephrased correctly in its
entirety after repeated objections. 3. No prejudice sufficient to
constitute reversible error is shown in connection with the cryptic
testimony concerning Branch's relationship with "First, Incorpo-
rated." There was no testimony that "First, Incorporated" was a
drug rehabilitation center, and even if the jury possessed independent
knowledge of that fact, there was no testimony explaining Branch's
connection with the center. As the testimony on the subject was so
vague that it may not reasonably be assumed that the jury might
have drawn an inference of prior criminal activity, we conclude that
there was no prejudicial error. See *Commonwealth* v. *Vanetzian*,
350 Mass. 491, 494-495 (1966), and *Commonwealth* v. *Ransom*, 358
Mass. 580, 585-587 (1971). 4. The defendants' assignments relating to
testimony by defense witnesses as to their failure to testify at the prior
District Court hearing are not based upon exceptions, and conse-
quently bring nothing before us for review. *Commonwealth* v.
*Foley*, 358 Mass. 233, 236 (1970). 5. No defendant requested the
judge to charge the jury with respect to lesser included offenses, and
no exceptions were taken to the judge's charge as given. The defend-
ants' assignments therefore have no standing. *Commonwealth* v.
*LaBella*, 364 Mass. 550, 554 (1974). *Commonwealth* v. *Balthazar*,
366 Mass. 298, 302-303 (1974). 6. The defendants ask us to exercise
our power to review these assignments of error, notwithstanding the
absence of exceptions, to prevent a substantial risk of a miscarriage of
justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564
(1967), and *Commonwealth* v. *Concepcion*, 362 Mass. 653, 654

---

[1]Commonwealth *vs.* Michael L. Branch; Commonwealth *vs.* Arthur J. Jackson.

(1972). Our review of the case persuades us that such a risk is not present here.

*Judgments affirmed.*

*Joseph F. Flynn* for the defendants Branch & another.

*Malvine Nathanson* for the defendant Lacey.

*Thaddeus R. Beal, Jr.,* Special Assistant District Attorney, for the Commonwealth