DANIEL R. CONNOLLY *vs.* COMMONWEALTH.

Suffolk.    November 4, 1974. — November 29, 1974.

Present: TAURO, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Constitutional Law,* Assistance of counsel.  *Practice, Criminal,* Assistance of counsel.

In the absence of objections or exceptions to the report of a special master to whom was referred a petition for a writ of error, review by this court was limited to whether a proper decree was entered based on the master's findings. [437]

Findings by a special master, to whom was referred a petition for a writ of error by one convicted of murder in the first degree at a trial in which he was represented by counsel experienced in criminal cases but who had a cocktail or two at lunch, that counsel's abrasive, tactless and aggressive tactics were not appreciably induced or aggravated, or his skill impaired, by the use of intoxicating liquor warranted the master's conclusion that the petitioner at all times during the trial had the effective assistance of counsel; the findings did not indicate that counsel's conduct resulted in a forfeiture of an otherwise available substantial defense. [437-438]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on September 29, 1971.

The case was heard by *Reardon,* J., on a master's report.

*Malvine Nathanson* for the petitioner.

*Barbara A. H. Smith,* Assistant Attorney General, for the Commonwealth.

BRAUCHER, J.    The petitioner's conviction of murder in the first degree was affirmed on appeal. *Commonwealth* v. *Connolly,* 356 Mass. 617 (1970). By this writ of error he asserts that he was denied the effective assistance of counsel. The case was referred to a special master by a single justice of this court. The special master filed a report recommending that the judgment be affirmed, and a single justice ordered that the report be confirmed and the

judgment affirmed. We overrule the petitioner's exceptions.

We summarize the report of the special master. Shortly after the arrest of the petitioner he got in touch with a lawyer whom he knew by reputation. The lawyer talked with him and agreed to represent him. Thereafter, pursuant to an appointment by the Superior Court, the lawyer represented him at the probable cause hearing, at the trial in the Superior Court, and in the appeal to this court. The lawyer had been at the bar for nearly forty years, and his practice was exclusively on the criminal side of the court. He was an experienced lawyer, and had tried hundreds of cases, many of them murder cases.

During the trial the lawyer from time to time during his lunch hour drank intoxicating liquor; the amount varied, but it amounted to no more than a cocktail or two at lunch. At no time during the trial was he drunk. The lawyer was abrasive, tactless, and very aggressive in his handling of the case, and his conduct was "erratic, unpredictable and obstreperous." See 356 Mass. at 630 (Kirk, J., concurring). His cross-examination of at least one witness was inordinately lengthy and extremely severe. Counsel for the other defendants feared that this and other cross-examinations would prejudice all the defendants. The lawyer's tactics were nothing new; they were of the type he generally employed in other cases. The judge frequently rebuked him, and after the verdict the lawyer castigated the jury in such a manner as to result in an adjudication for contempt.

Most lawyers would have employed less abrasive tactics, for tactics like his are generally considered to do more harm than good. His tactics were not, however, appreciably induced or aggravated by the use of intoxicating liquor. He gave the case careful and conscientious consideration. He often waited several hours after court adjourned to receive the daily transcript in order to prepare for the following day, and he sent to Washington for a Supreme Court decision rendered during the trial which he thought might be helpful.

The lawyer brought to the case a very considerable amount of skill and experience, and this skill was not impaired by the use of intoxicating liquor. His contumacious castigation of the jury came after the verdict and could not have influenced it. The case against the petitioner was very strong, and this court after reviewing the case under G. L. c. 278, § 33E, found no reason to order a new trial or the entry of a verdict of a lesser degree of guilt. The special master concluded that the petitioner at all times during the trial had the effective assistance of counsel.

1. *Scope of review.* Under S.J.C. Rule 2:50A, 359 Mass. 794 (1972), any party may file written objections to the report of a special master. The bill of exceptions before us does not show that such objections were filed. The only exception claimed was to the entry of judgment in accordance with the report of the special master. With no objections or exceptions to the master's report, our review is limited to whether a proper decree was entered based on the master's findings. See *Kass* v. *Todd,* 362 Mass. 169, 174, n. 3 (1972), and cases cited. The report of the special master, when confirmed by the single justice, has all the force and effect of a decision by the single justice. S.J.C. Rule 2:35A, 359 Mass. 793 (1972).

2. *Assistance of counsel.* The special master afforded to the petitioner "a discerning examination and appraisal of the specific circumstances of the given case to see whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian, ante,* 89, 96 (1974). He reported that the thrust of the petition, as litigated before him, was that petitioner's court-appointed counsel "had imbibed intoxicating liquor during the trial to such an extent that he lacked the necessary skill and judgment to render effective assistance to the petitioner in the conduct of his case." The master's findings negate both the asserted cause and the resulting

lack of skill and judgment. We should hesitate "to grant relief on the ground that wilfully irksome defence tactics may have harmed the defendant." *Commonwealth* v. *Williams,* 364 Mass. 145, 151 (1973). Finally, even though counsel may not have conformed in some respect to an ideal model of how counsel should conduct himself,[1] there is nothing in the findings of the special master to indicate that counsel's conduct resulted in a forfeiture of an otherwise available substantial defense. *Commonwealth* v. *Saferian, supra,* at 98-99.

*Exceptions overruled.*

---

[1] Nothing we say is intended to express approval of the drinking of alcoholic beverages during a trial day.