COMMONWEALTH *vs.* KENNETH JACKSON.

Hampden.     November 11, 1974. — May 21, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Practice, Criminal,* New trial, Fair trial, Public trial, Disclosure of evidence, Assistance of counsel. *Jury and Jurors. Constitutional Law,* Public trial, Assistance of counsel, Due process of law. *Witness,* Cross-examination.

In a criminal case likely to attract public attention, a judge's decision to close a pre-trial suppression hearing to the public was proper, especially where the defendant did not object and took no exception at the time of the order. [290]

A criminal defendant's motion for a new trial, based on the ground that the exclusion of paupers from jury service denied him his right to a jury representing a cross-section of the community, was properly denied, especially where the defendant made no attempt to prove any such exclusion as matter of fact. [290-291]

A black criminal defendant was not entitled to a new trial because of an alleged racial disturbance which occurred in the city where he was being tried, where the disturbance had no apparent influence on the orderly conduct of the trial. [291-292]

There was no merit in a criminal defendant's contention that he was denied due process of law by failure of the prosecutor to disclose evidence favorable to the defendant where the defendant made no request for disclosure of such evidence and where there was no showing that any suppression by the prosecutor was deliberate or that the undisclosed evidence would have a substantial probability of altering the result. [292]

In a criminal case, there was no abuse of discretion in the judge's exclusion of questions on cross-examination by defense counsel aimed at eliciting information about the complainant's involvement with drugs and the intentions of one of the complainants to go to another city, where those lines of inquiry were not material to the issues of the case. [292-293]

There was no error in a judge's denial of a motion for a new trial of indictments which was based on alleged deprivation of the defendant's right to effective assistance of counsel where the evidence produced by the defendant at the hearing on his motion did not show incompetency, inefficiency or inattention on the part of counsel. [293-294]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on March 27, 1972.

On transfer to the Superior Court the case was heard by *Moriarty*, J.

*Richard Shapiro* for the defendant.

*John T. McDonough,* Assistant District Attorney, for the Commonwealth.

Rose, J. The defendant, who is a prisoner at Massachusetts Correctional Institution, Norfolk, having been convicted by a jury of rape, assault with a dangerous weapon, and assault and battery, appeals from the denial of his petition for a writ of habeas corpus, which was treated by the Superior Court judge (motion judge) as a motion for a new trial pursuant to the provisions of G. L. c. 278, § 29.[1] See *Earl* v. *Commonwealth,* 356 Mass. 181 (1969). At the hearing on the motion the defendant refused to call any of the available witnesses; however, certain stipulations and documents were received in evidence. The motion judge (who was not the trial judge) denied the motion after making extensive findings.

The defendant presses nine assignments of error. Those assignments of error which are not argued in the defendant's brief are deemed waived. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972).

1. The defendant's first claim is that the court lacked jurisdiction over him because the indictments on which he was charged had not been signed by the grand jury foreman. This claim is specious, as the original papers disclose that the indictments were in fact signed by the grand jury foreman.

2. The second issue raised by the defendant, whether there was error in the denial of his motion to suppress a knife taken from his car, had already been decided by the

---

[1] The motion judge found that the defendant has also petitioned for relief in the Federal courts on several occasions. The most recent effort, a petition for habeas corpus, was dismissed by the order of the United States District Court for the District of Massachusetts. A memorandum of a United States Magistrate accompanying that decision, dated August 31, 1971, described various petitions which had been filed by the defendant on previous occasions.

Supreme Judicial Court in *Commonwealth* v. *Jackson,* 359 Mass. 759 (1971).

3. The defendant next claims that closing his pre-trial suppression hearing to the public was a violation of his Sixth Amendment right to a public trial. At the commencement of the hearing the trial judge announced: "I'm going to order that this hearing be open only to those persons who are directly connected with this case. Otherwise, we might defeat the purpose of having this particular hearing." The defendant made no objection and took no exception at the time of this order. While the motion judge's brief discussion of this claim in the absence of a properly saved exception may be viewed as an exercise of his discretion to consider the question for the first time on the motion for a new trial, see generally *Commonwealth* v. *Underwood,* 358 Mass. 506, 509-511 (1970), the defendant's failure to object is nevertheless significant in the circumstances of this case. Clearly, it is often to the defendant's advantage to keep the subject matter of a pre-trial suppression hearing from the general public, and particularly so in a case which is likely to attract some public interest. See A.B.A. Advisory Committee on Fair Trial and Free Press, Standards Relating to Fair Trial and Free Press, Standard 3.1 and comments, pp. 113-118 (Approved Draft 1968). Cf. *Stapleton* v. *District Ct. of the Twentieth Judicial Dist.* 179 Colo. 187 (1972); *People* v. *Pratt,* 27 App. Div. 2d (N.Y.) 199, 200-201 (1967). But see *United States* v. *Clark,* 475 F. 2d 240, 246 (2d Cir. 1973). This is especially true in regard to a hearing held in advance of trial and before a jury is empaneled. Contrast *United States ex rel. Bennett* v. *Rundle,* 419 F. 2d 599, 606-607 (3d Cir. 1969).

The motion judge found that the action of the trial judge in closing the suppression hearing was "a wise precaution taken for the protection of the [defendant's] ... constitutional rights." In the circumstances of this case, and in the absence of an objection by the defendant at the time of the hearing, we do not reach a different conclusion.

4. The defendant also claims that because of the exclusion of paupers from jury service (see art. 3 of the Amend-

ments to the Constitution of the Commonwealth[2] and G. L. c. 51, § 1, as amended through St. 1966, c. 109,[3] in conjunction with G. L. c. 234, § 1), he was denied his constitutional right to juries (grand and petit) representing a cross-section of the community. At trial the defendant made no objection, took no exception, and made no attempt to prove any such exclusion as a matter of fact. Passing over the reservations of the motion judge on the question of the defendant's standing to raise this issue, we hold that the response to a similar claim in *Commonwealth* v. *Stone*, 366 Mass. 506, 509-510 (1974), is applicable to this case. See also *Commonwealth* v. *Averett, post*, 710 (1975).

5. The defendant, who is black, contends he was denied due process of law because the trial judge failed to take corrective action when what the defendant characterizes as a "race riot" erupted in Springfield during his trial. Defense counsel at no time sought corrective action from the trial judge or moved for a mistrial on this ground.[4] Having carefully reviewed the newspaper accounts (submitted by the defendant) of the events in Springfield at this time,[5] we concur in the findings of the motion judge that "the characterization of the disturbance as a 'race riot' is at best of dubious validity" and that these events had "no apparent impact or influence on the orderly conduct of the trial." While "[d]ue process requires that the accused receive a trial by an impartial jury free from outside influ-

---

[2] Subsequently amended by art. 95, approved November 7, 1972.

[3] Subsequently amended by St. 1972, c. 587, § 1.

[4] We do not assume, as the defendant does, that the absence of a motion by defense counsel in response to the events taking place in Springfield indicates ineffectiveness on the part of counsel. It may indicate no more than counsel's judgment that no real basis existed for an objection on the ground now urged. See part 9 of this opinion, *infra.*

[5] The events to which the defendant directs our attention were a march connected with a "nationwide Vietnam moratorium" and a protest at and attempted "take-over" of the public welfare office. Those protests spawned some looting and vandalism in the downtown business district involving both white and black youths. The mayor of Springfield responded by imposing a curfew.

ences," *Sheppard* v. *Maxwell,* 384 U. S. 333, 362 (1966), it must be emphasized that there has not been a sufficient evidentiary showing in this case that the defendant was denied his right to be tried by an impartial jury. Contrast *Moore* v. *Dempsey,* 261 U. S. 86 (1923); *Pamplin* v. *Mason,* 364 F. 2d 1, 4-6 (5th Cir. 1966).

6. The defendant argues that he was also denied due process of law because the prosecution failed to disclose evidence that would have assisted defense counsel in the impeachment of the complainants and in the effective preparation and presentation of his defense. "A line of cases stemming from *Brady* v. *Maryland,* 373 U. S. 83 (1963), holds that suppression of evidence favorable to the accused requested by the defendant violates due process where the evidence is material to guilt or innocence. See *Giles* v. *Maryland,* 386 U. S. 66 (1967); *Moore* v. *Illinois,* 408 U. S. 786 (1972).... We have generally required that absent a request [none was made in the instant case], and where the suppression by the prosecution is not deliberate [there is no evidence presented to this effect by the defendant in the instant case], the evidence must meet a high standard of materiality, a substantial probability of altering the result [Citing cases]." *Commonwealth* v. *Stone,* 366 Mass. 506, 510-511 (1974); *Commonwealth* v. *Gilday,* 367 Mass. 474, 486-489 (1975). The evidence supporting this claim, introduced by way of documents at the hearing upon the motion for a new trial, if in fact it was favorable to the accused, clearly does not meet the standard of materiality required in such a situation.

7. The defendant next asserts constitutional error in that the prosecution allowed the complainants to testify to facts which the prosecution knew were untrue. See *Giles* v. *Maryland,* 386 U. S. 66 (1967); *Commonwealth* v. *Gilday, supra,* at 489-491. There is nothing in the record which supports any such assertion.

8. The defendant's next contention is that the trial judge's limitation of defense counsel's cross-examination of the complainants denied the defendant his right to effective cross-examination. See *Commonwealth* v. *Johnson,* 365

Mass. 534, 543-547 (1974); *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 712-716 (1974). Defense counsel sought to elicit information about the complainants' involvement with drugs and the intentions of one of the complainants in going to New York City. It was well within the discretion of the trial judge to exclude these lines of inquiry as they were not material to the issues of the case. *Commonwealth* v. *Greenberg,* 339 Mass. 557, 580-581 (1959). *Commonwealth* v. *Pickles,* 364 Mass. 395, 401 (1973). This is not an instance in which cross-examination was limited at the threshold of inquiry. Contrast *Alford* v. *United States,* 282 U. S. 687 (1931); *Commonwealth* v. *Johnson, supra.*

9. The defendant's last claim is that his trial counsel's failure properly to prepare and present his defense deprived him of his right to effective assistance of counsel. The standard of representation to which a criminal defendant is entitled was thoroughly considered in *Commonwealth* v. *Bernier,* 359 Mass. 13, 17-22 (1971), and in *Commonwealth* v. *Saferian,* 366 Mass. 89 (1974). See also *Delle Chiaie* v. *Commonwealth,* 367 Mass. 527, 536-539 (1975), and cases cited. In the *Saferian* case the Supreme Judicial Court stated: "what our own decisions have sought to afford, is a discerning examination and appraisal of the specific circumstances of the given case to see whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." 366 Mass. at 96-97, citing cases.

In reviewing all the areas in which it is claimed that the defendant's trial counsel was deficient, there is none in which the defendant has shown incompetency, inefficiency or inattention on the part of counsel. Particularly in point is the language quoted in *Commonwealth* v. *Bernier, supra,* at 17 (from *MacKenna* v. *Ellis,* 280 F. 2d 592, 599 [5th Cir. 1960]), that the right to counsel means "not errorless counsel, and not counsel judged . . . by hindsight, but counsel reasonably likely to render and rendering effective assis-

tance" (emphasis omitted). The defendant contends that his counsel did not attempt to preserve his rights in several instances in which he now alleges that constitutional error occurred. In light of the fact that at the hearing on the motion for a new trial the defendant did not produce any significant evidence of the errors alleged, we have no reason to assume that the lack of action by the defendant's counsel indicates ineffectiveness on his part. It may demonstrate no more than counsel's judgment that no error occurred at trial warranting the measures the defendant now urges should have been taken.

In this case, as in the *Saferian* case, the evidence of guilt was overwhelming. *Commonwealth* v. *Saferian, supra,* at 93. Clearly, there was no showing of a fault that "probably resulted in forfeiture of a substantial defence." *Id.* at 98.

*Order denying motion for
a new trial affirmed.*