COMMONWEALTH *vs.* JAMES E. JACKSON, JR. July 24, 1975. At a jury waived trial the defendant was convicted of rape, unnatural and lascivious acts and other offenses arising from the same episode. He appeals from these convictions pursuant to G. L. c. 278, §§ 33A-33G. We discuss only those assignments of error argued. His contention that his conviction for unnatural and lascivious acts (G. L. c. 272, § 35) should be vitiated because the statute is unconstitutionally vague was rejected in *Commonwealth* v. *Balthazar,* 366 Mass. 298, 300-303 (1974). The remaining assignments of error relate to the denial of his motion to suppress certain material as evidence against him on the ground that it had been acquired through unconstitutional searches and seizures, and to suppress his confession to the police on several grounds. 1. He asserts that two police searches, resulting in the seizure of a raincoat and knife found in his apartment, were made without the voluntary consent of its coöccupant, although he concedes her authority to have permitted the searches. See *United States* v. *Matlock,* 415 U. S. 164, 169-172 (1974) and *Commonwealth* v. *Deeran,* 364 Mass. 193, 195-196 (1973). Whether her consent to the searches was voluntary was a question of fact to be determined from the totality of the circumstances. *Schneckloth* v. *Bustamonte,* 412 U. S. 218, 227 (1973). Evidence was sufficient to support the judge's findings and the conclusion implicit therein that the consent given was voluntary. 2. The defendant took

Rescript Opinions.

no exception to the exclusion of a question put to the coöccupant whether she felt she "could have refused to allow [the police] . . . to go into the defendant's room." In any event, while her response may have been admissible as evidence of knowledge of her right to refuse consent and was one factor bearing on its voluntariness (*Schneckloth* v. *Bustamonte, supra*), its exclusion was harmless in light of substantial evidence to support a finding that her consent was voluntary. 3. There is no merit to the defendant's contention that his confession to the police on the morning of the crimes should have been suppressed as the product of unlawful searches of his apartment. For reasons stated above, the searches were lawful. 4. Contrary to the defendant's assertions, there was evidence from which the judge could have found that the defendant was adequately warned of and understood his constitutional rights and thereafter confessed voluntarily to the police. It was the judge's function to determine the weight of that evidence. *Commonwealth* v. *Murphy,* 362 Mass. 542, 547 (1972). He found that the defendant was rational and that his statements to the police were voluntary and given willingly without coercion. In view of other evidence which indicated that the defendant, while being interrogated by the police, was coherent and manifested no abnormality in speech or behavior, the judge was not obliged to accept the opinion of a psychiatrist, based upon his examination of the defendant two weeks following the crime, that he was mentally ill. Nor, in the circumstances, was the judge required to believe the defendant's assertion, which was unsupported by the psychiatrist's observations of the defendant during his commitment prior to being brought to trial, that he was hallucinating while making his confession to the police. See *Lego* v. *Twomey,* 404 U. S. 477, 489 (1972); *Commonwealth* v. *Roy,* 2 Mass. App. Ct. 14, 17-21 (1974); *Commonwealth* v. *Johnson, ante,* 226, 230-231 (1975). Contrast *Blackburn* v. *Alabama,* 361 U. S. 199, 207-209 (1960). There was evidence as well to refute the defendant's claim of coercive procedures followed by the police in the course of interrogation. 5. What we have said concerning the defendant's confession disposes of his contention that evidence seized by the police, following his consent to a further search of his apartment, was the tainted fruit of an improper confession. The evidence sufficed to support the judge's finding, in substance, that his consent to that search and his waiver of a search warrant were knowingly and willingly given without coercion. *Schneckloth* v. *Bustamonte, supra.* Compare *Commonwealth* v. *Roy, supra,* at 17-21; *Commonwealth* v. *Johnson, supra.*

*Judgments affirmed.*

*Susan J. Baronoff* for the defendant.

*Terence M. Troyer,* Assistant District Attorney (*Bonnie H. Mac-Leod-Griffin,* Assistant District Attorney, with him) for the Commonwealth.