COMMONWEALTH *vs.* BRUCE W. HAGLUND. December 3, 1976. The defendant appeals pursuant to G. L. c. 278, §§ 33A-33G, from his convictions of arson and manslaughter. The defendant's assignments of error challenge the denial of his motions (1) to suppress statements he had made to the police and (2) to ask certain questions of prospective jurors. 1. The judge, who made detailed findings, properly considered the defendant's mental condition in determining if the defendant's confession was voluntary and the product of a rational mind. His handling of this matter comported with the test to determine voluntariness sug-

Rescript Opinions.

gested in *Eisen* v. *Picard,* 452 F.2d 860, 863-865 (1st Cir. 1971), cert. den.·406 U.S. 950 (1972). The judge heard testimony on the question whether the defendant was a pathological liar and found that the anti-social personality which was attributed to the defendant by the two psychiatrists who testified in his behalf at the hearing on the motion to suppress was not of such character and intensity as to deprive the defendant of his "free intellect and his freedom of choice." Contrast *Blackburn* v. *Alabama,* 361 U.S. 199, 207-209 (1960). The trial judge's preliminary determination (see *Jackson* v. *Denno,* 378 U.S. 368, 392-394 [1964]) that the defendant's confession was voluntary is supported by substantial evidence. See *Commonwealth* v. *Roy,* 2 Mass. App. Ct. 14, 20-21 (1974). There was no error in allowing the defendant's confession in evidence. See *Commonwealth* v. *White,* 362 Mass. 193, 196 (1972); *Commonwealth* v. *Jackson,* 3 Mass. App. Ct. 770, 771 (1975). 2. There was substantial basis for the judge's finding that the defendant's confinement was not so inherently oppressive as to induce him involuntarily to confess to the crimes charged. See *Lego* v. *Twomey,* 404 U.S. 477, 489 (1972); *Commonwealth* v. *Johnson,* 3 Mass. App. Ct. 226, 231 (1975); *Commonwealth* v. *Jackson, supra.* There was no evidence of police coercion designed to elicit a confession from the defendant. 3. The defendant claims error in that his confession was not preceded by an unequivocal waiver of his right to counsel. The defendant received numerous Miranda warnings from various law enforcement officials, and, on at least two specific occasions, in the context of giving him the entire set of Miranda warnings, see *Commonwealth* v. *Fielding,* 371 Mass. 91, 114-115 (1976), he was informed of his right to have an attorney represent him without charge.[1] See *Commonwealth* v. *Johnson,* 3 Mass. App. Ct. at 229-231, and cases cited therein. The judge's determination that the defendant understood this right and voluntarily waived it is adequately supported by the evidence and we will not disturb it. *Commonwealth* v. *Roy, supra. Commonwealth* v. *Black, ante,* 512, 516 (1976). See *Miranda* v. *Arizona,* 384 U.S. 436, 475 (1966); *Commonwealth* v. *Johnson,* 3 Mass. App. Ct. at 230-231, & n.4. 4. The nature and the extent of the examination of prospective jurors lies within the sound discretion of the trial judge, see *Commonwealth* v. *Ricard,* 355 Mass. 509, 510-511 (1969); *Commonwealth* v. *Pinckney,* 365 Mass. 70, 72-73 (1974), subject to statutory provisions (see, in this regard, G. L. c. 234, § 28, as amended through St. 1973, c. 919), and the constitutional requirement enunciated in *Ham* v. *South Carolina,* 409 U.S. 524, 526-529 (1973), and *Ristaino* v. *Ross,* 424 U.S. 589 (1976), and applied in numerous Massachusetts cases. See, e.g., *Commonwealth* v. *Ross,* 361 Mass. 665, 682 (1972), judgment vacated 410 U.S. 901, aff'd on rehearing 363 Mass. 665, cert. den. 414 U.S. 1080 (1973). The judge did not err in denying the defendant's motion to question prospective jurors about possible biases regarding psychiatric evidence or about their opinions concerning the reliability of confessions. See *Commonwealth* v. *Ricard, supra; Commonwealth* v. *Smith,*

---

[1] In one instance, immediately following the defendant's rejection of a suggestion by the sheriff that he call his "family" lawyer, the sheriff read to the defendant the entire warning from a so called Miranda card. The defendant then indicated that he still "wanted to get it off his chest."

357 Mass. 168, 176 (1970), and case cited therein. Compare *Commonwealth* v. *Killelea,* 370 Mass. 638, 649-650, & n.3 (1976).

*Judgments affirmed.*

*Susan J. Baronoff* for the defendant.

*Helen M. Doona,* Assistant District Attorney, for the Commonwealth.