COMMONWEALTH *vs.* DENNIS FARMER. October 7, 1977. In determining the propriety of the denial of the defendant's motion to suppress we confine our consideration to the testimony of the arresting officers which was elicited by the defendant and Sherrod (see *Commonwealth* v. *Botelho*, 369 Mass. 860, 867 [1976]) at the pre-trial hearing of the motion (*Commonwealth* v. *Howard*, 4 Mass. App. Ct. 476, 480-481 [1976], further appellate review granted, 371 Mass. 899 [1976]) and which the judge expressly found to be true. 1. There was no error in the judge's implied ruling that the defendant had been lawfully arrested. There were reasonably close resemblances between the physical characteristics of the defendant and Sherrod as observed by the arresting officers and the physical characteristics of the robbers which the officers had heard in the unchallenged (contrast *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 54-58 [1974]; *Commonwealth* v. *Morales*, 4 Mass. App. Ct. 779 [1976]) police radio broadcast; the defendant and Sherrod were wearing distinctively colored and patterned shirts of the colors and types specifically described in the broadcast; and the defendant (when frisked during the course of a threshold inquiry) was found to be carrying a knife, which was one of the instrumentalities of the robbery which had been referred to in the broadcast. See *Commonwealth* v. *Blackburn*, 354 Mass. 200, 201-202, 203 (1968); *Commonwealth* v. *Brown*, 354 Mass. 337, 342 (1968); *Commonwealth* v. *Breen*, 357 Mass. 441, 442-446 (1970); *Commonwealth* v. *Jackson*, 359 Mass. 759 (1971); *Commonwealth* v. *Blow*, 362 Mass. 196, 197-199 (1972); *Commonwealth* v. *Brown*, 367 Mass. 24, 32-33 (1975); *Commonwealth* v. *Henley*, 1 Mass. App. Ct. 564, 568 (1973). 2. The only difference of possible significance between the one-to-one confrontation with the victim which occurred in the present case and the one described in *Commonwealth* v. *Lifsey*, 2 Mass. App. Ct. 835 (1974), is that the 5:30 A.M. confrontation in the present case occurred some four hours

after the police discovery of the robbery and transmission of the broad-cast already referred to. The confrontation took place within minutes of the arrest of the defendant and Sherrod; for all that appears, the arresting officers were the first to see the defendant and Sherrod fol-lowing the robbery and broadcast; it did not appear whether the hand-cuffs on the defendant were visible to the victim (see *Commonwealth* v. *MacMillan, ante,* 314, 317-318 [1977]) when he identified the defend-ant and Sherrod before they got out of the police cruiser (compare *Commonwealth* v. *Denault,* 362 Mass. 564, 566 [1972]); and the evi-dence was silent concerning the number of persons (other than police officers) the victim (the attendant in an all night gasoline filling sta-tion) might have seen during the interval between the robbery and the confrontation (see *Commonwealth* v. *Barnett,* 371 Mass. 87, 92 [1976], cert. denied, 429 U. S. 1049 [1977]). The judge did not err in impliedly ruling that the confrontation had not been impermissibly suggestive. See generally *Commonwealth* v. *Connolly,* 356 Mass. 617, 623-624, cert. denied, 400 U. S. 843 (1970); *Commonwealth* v. *Denault,* 362 Mass. at 566-567; *Commonwealth* v. *Barnett,* 371 Mass. at 91-93; *Commonwealth* v. *Dickerson,* 372 Mass. 783, 789-790 (1977). 3. In view of that ruling there was no occasion for the judge to consider the reliability of the victim's identification of the defendant during the course of the confrontation (see *Manson* v. *Brathwaite,* 432 U. S. 98, 109-114 [1977]) or whether the victim's proposed in-court identifica-tion of the defendant would be based on his original observations of the defendant during the course of the robbery (see *Commonwealth* v. *Chase,* 372 Mass. 736, 745-746 [1977]).

*Judgment affirmed.*

*Richard E. Bachman* for the defendant.
*Philip Beauchesne,* Assistant District Attorney, for the Common-wealth.