COMMONWEALTH *vs.* JAMES LATTIMORE. April 26, 1978. 1. It was not error to deny the defendant's motion to suppress the victim's in-court and out-of-court identifications of the defendant. In the circumstances of this case the "bring-back" procedure employed was "justified by the need for efficient investigation in the immediate aftermath of crime." *Commonwealth* v. *Barnett*, 371 Mass. 87, 92 (1976), cert. denied, 429 U.S. 1049 (1977). See also *Commonwealth* v. *Bumpus*, 354 Mass. 494, 497-502 (1968), cert. denied, 393 U.S. 1034 (1969); *Commonwealth* v. *Denault*, 362 Mass. 564, 566-567 (1972); *Commonwealth* v. *Dickerson*, 372 Mass. 783, 789-791 (1977); *Commonwealth* v. *Lifsey*, 2 Mass. App. Ct. 835 (1974); *Commonwealth* v. *Farmer*, 5 Mass. App. Ct. 871, 871-872 (1977). The defendant was apprehended a short distance from the scene of the crime with the stolen television set, and in the "totality of the circumstances" the confrontation was not "so unnecessarily suggestive and conducive to irreparable mistaken identification" that the defendant was denied due process of law. *Stovall* v. *Denno*, 388 U.S. 293, 301-302 (1967). Compare *Manson* v. *Brathwaite*, 432 U.S. 98 (1977); *Commonwealth* v. *Gordon*, *ante* 230 (1978). 2. There was no need to prove the value of the television set as larceny from a building is a felony itself without regard to the value of the stolen property. G. L. c. 266, § 20. *Commonwealth* v. *Ronchetti*, 333 Mass. 78, 82 (1955). 3. The evidence against the defendant was overwhelming, and the denial of the defendant's motions for directed verdicts was the only action open to the judge.

*Judgments affirmed.*

*Jean-Claude Sakellarios* for the defendant.
*Robert J. McKenna, Jr.*, Assistant District Attorney (*Alice Hanlon* with him) for the Commonwealth.