COMMONWEALTH *vs.* JONATHAN SIMON. June 21, 1978. The defendant has appealed from a conviction on so much of an indictment for rape as charged assault with intent to commit rape and from the denial of his motion for a new trial. 1. The defendant claims that he was denied the effective assistance of counsel at his trial. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The defendant's main contention is that his trial counsel should have made a pretrial suppression motion or requested a voir dire as to testimony concerning a photographic identification of him made by the victim. See *id.* at 99. See generally *Clemons* v. *United States*, 408 F.2d 1230, 1237 & n.4 (D.C. Cir. 1968) (en banc), cert. denied, 394 U.S. 964 (1969). Failure to file a motion to suppress or to request a voir dire of identification testimony is not in and of itself an indication of inadequacy. *Commonwealth* v. *Cross*, 4 Mass. App. Ct. 54, 57 & n.2 (1976). There must "be some showing that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). In the present case, even though eyewitness testimony of the victim was the only testimony directly implicating the defendant, there is nothing in the record to indicate that a motion to suppress the photographic identification would have been successful. See *Commonwealth* v. *Cross, supra* at 56-57. Compare *Commonwealth* v. *McGrath*, 361 Mass. 431, 438-439 (1972). The victim had given the police an accurate description of the defendant as her assailant shortly after the incident, and again the next day. She also described a car similar to the one the defendant owned. It is true that the police asked the victim if she knew the defendant's family before showing her the pictures, but according to the victim's testimony she did not recognize the defendant at the time of the incident as anyone she knew. There is thus no indication that the police comment had any effect on the victim. Moreover, as there is no claim that the manner of presentation or the photographs themselves were suggestive, it is clear that the motion to suppress would have had little, if any, chance of success. See *Commonwealth* v. *Botelho*, 369 Mass. 860, 865-866 (1976). And finally, the judge (who was the same judge who had presided at the trial), in ruling on the motion for a new trial, specifically found that counsel's performance did not fall measurably below that which might be ex-

pected from an ordinary fallible lawyer. *Commonwealth* v. *Saferian, supra.* Contrast *Saltys* v. *Adams,* 465 F.2d 1023, 1028-1029 (2d Cir. 1972). 2. The defendant next argues that the judge "erred in failing to charge the jury on the lesser included offense of assault and battery." See *Commonwealth* v. *Santo,* 375 Mass. 299, 305–306 (1978). The defendant, however, did not request the judge to instruct the jury as to that offense, nor was any exception taken to the charge. Compare *Commonwealth* v. *Hooks,* 375 Mass. 284, 290 (1978). Where no request was made to the judge to charge with respect to a lesser included offense and no exception was taken to the judge's charge as given, we will not consider such an assignment of error, except in the rare case "to prevent a substantial risk of a miscarriage of justice." *Commonwealth* v. *Lacey,* 2 Mass. App. Ct. 889 (1974), and cases cited. In light of the discussion in the preceding section, it is clear that it is not likely that the alleged error resulted in a substantial miscarriage of justice, as "the evidence provides no 'rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense' of assault [and battery]." *Commonwealth* v. *McKay,* 363 Mass. 220, 228 (1973), quoting from Model Penal Code § 107(5) (Proposed Official Draft, 1962). See *Commonwealth* v. *Hogg,* 365 Mass. 290, 295 (1974). 3. The defendant also claims that the judge erred in denying his motion for a directed verdict on so much of the indictment as charged rape (see G. L. c. 265, § 22, as appearing in St. 1974, c. 474, § 1) because there was insufficient evidence of penetration. He thus argues that as there was no, or insufficient, evidence which would permit a conviction for the crime of rape, it was error to submit that offense to the jury which then convicted him of a lesser included offense. Compare *State* v. *Christener,* 71 N.J. 55, 67-70 (1976). The defendant argued on his motion for a directed verdict (in the absence of the jury) that perhaps what the victim felt was the attacker's finger. As it is clear that either the defendant's penis, one of his fingers, or both, were felt by the victim and scratched her vagina, the judge was warranted in submitting the issue to the jury for them to evaluate. Contrast *id.* at 69-70. 4. The defendant next argues that his motion for a new trial should have been allowed either on the ground that he was denied effective assistance of counsel or on the ground of newly discovered evidence. We have already stated that we find no merit in the defendant's claim of ineffective assistance of counsel. The key testimony at the hearing on the motion was from Barbara Griffin, a young woman from Sudbury, who could have been the hitchhiker the defendant claimed he had picked up on the day of the attack. Although she testified that she often hitchhiked home in a manner consistent with the defendant's alibi defense, she could not positively identify the defendant as the man who had picked her up. The judge found that Miss Griffin's testimony as well as the affidavit of the defendant's private investigator tended to confirm that she was the hitchhiker the defendant had picked up, but went on to find that these facts did not establish that the defendant did not have the opportunity to commit the crime, and that unquestionably he was in the area at about the time in question. The judge then concluded that there was no basis for granting a new trial. Compare *Commonwealth* v. *Bernier,* 359 Mass. 13, 15-16 (1971). The decision on a motion for a new trial is ordinarily a matter for the sound discretion of the trial judge. *Commonwealth* v. *Gagne,* 367 Mass. 519, 526 (1975). Where the motion is based on an allegation of newly discovered evidence, the same standard applies; it

is within the sound discretion of the trial judge. *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 542 (1971). *Commonwealth* v. *Fillippini*, 1 Mass. App. Ct. 606, 614 (1973). A judge will not be reversed unless a survey of the whole case shows that his decision will result in manifest injustice. *Commonwealth* v. *DeChristoforo, supra* at 542. On this record, as it is clear that there was evidence which warranted the judge's findings, we cannot say that he abused his discretion in denying the defendant's motion. See *id.* at 542-543. Moreover, the new evidence would not have direct bearing on the victim's positive identification of the defendant, or on her description of the car which fit that of the defendant's car. 5. The defendant has expressly waived his remaining assignment of error.

*Judgment affirmed.*
*Order denying motion for*
*new trial affirmed.*

*Lawrence D. Shubow (Clyde D. Bergstresser* with him) for the defendant.

*William H. Kettlewell,* Assistant District Attorney, for the Commonwealth.