COMMONWEALTH *vs.* CLYDE H. COWARD, JR. February 28, 1979. The defendant has argued four assignments of error on appeal from his conviction on so much of an indictment for unarmed robbery (G. L. c. 265, § 19) as alleged an assault with intent to rob (G. L. c. 265, § 20). 1. There was no abuse of discretion in the judge's denial of defense counsel's request for a second continuance of the trial for the purpose of securing a transcript of the probable cause hearing. That request was advanced more than five months after the same counsel had been appointed to represent the defendant in the Superior Court, some fifteen days after counsel had advised the same judge that he expected to have the transcript within two weeks, and one day following counsel's failure to appear when the case was called for trial. The judge told counsel he could use the tapes of the probable cause hearing at the trial (see and compare *Commonwealth* v. *Rodriguez*, 6 Mass. App. Ct. 738, 748 app B-9 [1978], further app. rev. granted, 377 Mass. 919 [1979]), and the record fails to support counsel's assertion at the argument before us that he did not have the tapes in his possession at the time of his second request. The trial transcript discloses at least two instances in which counsel was able to secure concessions by the victim that he might have given inconsistent testimony at the probable cause hearing. See *Commonwealth* v. *Funderberg*, 374 Mass. 577, 579-580 (1978), and cases cited. In passing on this assignment we have not considered the addendum to the defendant's brief which purports to set out excerpts from the testimony at the probable cause hearing because none of that testimony was ever made part of the record in this case. *Commonwealth* v. *Core*, 370 Mass. 369, 371 (1976). 2. Nor was there any abuse of discretion (see *Commonwealth* v. *Brown*, 376 Mass. 156, 165-166 [1978], and cases cited) in the judge's denial of the defendant's motion for a mistrial, which was based on the prosecutor's having allowed a portion of the jury to see a photograph of the victim (apparently taken following the assault) which the judge ruled could not be introduced through the witness who was then on the stand. The judge immediately directed the jury to disregard what they had seen. The photograph was not marked for identification or otherwise made part of the record (see *Commonwealth* v. *Core, supra*), and there is no basis for our assuming that the depiction of the victim's condition was any more "gruesome" than what had already been described in the testimony. 3. The third assignment of error has no standing. The defendant had submitted no requests for instructions, and his first complaint as to the absence of any instruction that he might be found guilty of what counsel characterized as the "lesser included offense of assault and battery" (see *Commonwealth* v. *Mahoney*, 331 Mass. 510, 514 [1954]; *Commonwealth* v. *Jones*, 362 Mass. 83, 86-87 [1972]; *Commonwealth* v. *Richards*, 363 Mass. 299, 302, 303 [1973]) was not voiced until counsel attempted to claim an exception after the jury had been sent out to deliberate. See Rules 66 and 70 of the Superior Court (1974); *Commonwealth* v. *Lacey*, 2 Mass. App. Ct. 889, 889-890 (1974), and cases cited. See also *Commonwealth* v. *Fluker*, 377 Mass. 123, 130-131 (1979). The judge was not required, nor was he even requested, to

recall the jury for further instructions. 4. Finally, there was no abuse of discretion (see *Commonwealth* v. *Gagne*, 367 Mass. 519, 526 [1975]) in the denial of the defendant's motion for a new trial. The verdict was entirely consistent with that portion of the defendant's closing argument in which he urged the jury to consider the fact that there had been no testimony that anyone had seen the defendant or anyone else take any money or anything else from the victim.

*Judgment affirmed.*

*John S. Tara* for the defendant.

*Rosemary Ford,* Assistant District Attorney, for the Commonwealth.